403 A.2d 568

**DUBLIN SPORTSWEAR, A division of Genesco, Inc., a corporation**

v.

**Vincent CHARLETT, Individually and d/b/a Arthur Robert School of Beauty Culture, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 6, 1979.

Decided July 5, 1979.

---

**3.** *See* the concerns expressed by Justice Nix in *Commonwealth v. Manning,* 477 Pa. 495, 503, 384 A.2d 1197, 1201 (1978).

634

Allen N. Brunwasser, Pittsburgh, for appellant.

Joseph E. Schmitt, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

NIX, Justice.

We are called upon in this appeal to assess the propriety of the trial court's decision to permit the plaintiff in a civil suit to proceed to trial and verdict in the defendant's absence under Pa.Rule of Civil Procedure 218. The trial court concluded that the attending circumstances justified permitting the trial to be conducted without the presence of defendant, his witnesses if any, and counsel.[1] On appeal to the Superior Court, the judgment was sustained. Recognizing the serious problems created by on-the-day-of-trial continuances for the fair and proper administration of justice and the need to fashion rules to limit such practices to cases

---

1. A judgment was returned in favor of the plaintiff-appellee against the defendant-appellant in the amount of $18,380.74. Post trial motions were filed, argued and denied.

of the clearest necessity, it is nevertheless imperative that the circumstances justifying the invocation of a sanction that deprives a party of his day in court must be carefully defined. We therefore granted review.

Appellant argues that the result reached was basically unfair under all of the circumstances and that the sanction of Rule 218 was improperly imposed since there was a "satisfactory excuse" for the defense's unreadiness when the case was called to trial. To answer these questions we must first consider the factual setting in which the trial court concluded that the sanction of Rule 218 was properly invoked. On December 22, 1972, appellee, Dublin Sportswear, commenced suit in assumpsit in the Court of Common Pleas of Allegheny County against Vincent Charlett and his business, the Arthur Robert School of Beauty Culture, for goods sold and delivered. The case was first placed on the jury trial list for April 3, 1975 but was not reached on that date.

On September 23, 1975, notice was given in the Pittsburgh Legal Journal that the case was on the trial list for Monday, November 10, 1975 and that it would be called on Friday, November 7, 1975. At the call of the list on Friday, November 7, both counsel responded that they were ready to proceed to trial on Monday at 10 a. m. On Monday morning, counsel agreed to expedite the jury selection by accepting the first twelve jurors. Counsel for appellant advised appellee's counsel that he had to return to the Federal Court and the Juvenile Division of the Common Pleas Court on November 12 to honor prior commitments (November 11 was a legal holiday) and that if trial in the instant matter did not begin on November 10, that he would not be available until mid-morning on Thursday, November 13.[2]

When it was apparent that the case could not be tried on November 10 because there was no available judge to hear

---

**2.** Counsel for appellant contends that he advised opposing counsel of this conflict in the morning of November 10. Appellee's counsel states that this information was conveyed to him at 1:30 p. m. on November 10, after the luncheon recess. It is conceded that the Chief Minute Clerk was advised of the scheduling problem early during the day of Monday, November 10.

the matter, counsel for appellee contacted the Chief Minute Clerk and ascertained that the case was listed as number two (2) on the list for Wednesday, November 12. Counsel for appellee called appellant's counsel and relayed this information at which time appellant's counsel again raised the question of his prior commitments and his unavailability until mid-morning Thursday, November 13. Appellee's counsel contends that at the conclusion of this conversation he informed opposing counsel that he intended to report ready for trial with his witnesses on Wednesday morning. Appellant's counsel states that he advised counsel for the appellee not to bring in the witnesses until November 13.

On Wednesday morning, November 12, 1975, counsel for appellee reported ready in the Assignment Room and about 9:30 a. m. the case was sent to the courtroom of Judge Barry. Upon being informed that appellant's case would not be presented, Judge Barry took it upon himself to call appellant's counsel at approximately 9:45 a. m. In that telephone conversation, appellant's counsel advised Judge Barry of his commitments in Federal Court that day; following this conversation, Judge Barry informed plaintiff's counsel of defense counsel's position. After consulting with his client, appellee's counsel told the court of his client's wish to proceed with the trial. Shortly thereafter, trial proceeded ex parte. The jury rendered a verdict for plaintiff. Judge Barry's decision to proceed to trial on November 12, in the absence of appellant, his witnesses (if any) and his counsel, was first discovered by appellant's counsel on Thursday morning when he appeared ready for trial.[3]

Pa.R.C.P. 218 sets forth a remedy which, in the discretion of the court, may be utilized where a party to the suit is not ready when a case is called for trial. Rule 218 provides:

When a case is called for trial, if one party is ready and the other is not ready, without satisfactory excuse being made known to the court, a non-suit may be entered on motion of the defendant, or the plaintiff may proceed to

3. In addition to a Motion for a New Trial which was denied, appellant also filed a Motion for Reconsideration which was also denied.

trial, as the case may be. Where the trial proceeds the court may require the prothonotary, or may authorize any attorney of the court, to participate in the drawing of a jury in behalf of the unready party.

If no party is ready for trial when a case is called, the court shall strike the case from the trial list.

■ It is here unquestioned that appellant's counsel was not available to proceed with trial on the morning of the 12th of November, thus our inquiry must focus upon whether the court's decision to allow appellee to proceed in the absence of the opposing party was a proper exercise of discretion in view of the circumstances of this case. The rule provides that we must assess the exercise of the discretion by deciding whether the delinquent party's unavailability was with or without "satisfactory excuse being made known to the court." As a general rule a previous court commitment of an attorney which requires his presence before another tribunal, if made known to the court before which a continuance or an extension is sought, would constitute a "satisfactory excuse" within the meaning of Rule 218. *See Budget Laundry Co. v. Munter*, 450 Pa. 13, 298 A.2d 55 (1972); *Nerkowski v. Yellow Cab Co. of Pgh.*, 436 Pa. 306, 259 A.2d 171 (1969). However, regardless of the legitimacy of the circumstances which provide the basis for the delay it is to be expected that the conflict should be communicated to the court, before which the continuance is sought, at the earliest possible moment. *See e. g.* Pa.R.C.P. 216(C).[4]

■ The matter of calendar control is best left with the tribunal concerned and we are "loath to interfere" unless

---

4. Pa.R.Crim.P. 216(C) provides:
   No application for a continuance shall be granted if based on a cause existing and known at the time of publication or prior call of the trial list unless the same is presented to the court at a time fixed by the court, which shall be at least one week before the first day of the trial period. Applications for continuances shall be made to the court, or filed in writing with the officer in charge of the trial list, after giving notice of such application by mail, or otherwise, to all parties or their attorneys. Each court may, by local rule, designate the time of publication of the trial list for the purposes of this rule.

justice demands intervention. *Budget Laundry Co. v. Munter*, 450 Pa. at 24, 298 A.2d at 59. Here although the scheduling difficulty was known at the call of the list on Friday, and we have no reason to question that counsel for appellant made every effort to dispose of the matter on Monday, the fact remains that appellant, through his counsel, made no request of the court to excuse his appearance on Wednesday. Instead of apprising the court of the scheduling difficulty, appellant's counsel was content with discussing the matter with opposing counsel.[5] Being unsuccessful in securing a firm agreement with opposing counsel to continue the cause for one day,[6] appellant's counsel ignored the commitment even after being advised by Judge Barry that the court was awaiting his appearance for the commencement of the trial.[7]

■ While we recognize that the quality of justice must not be subordinated to arbitrary insistence upon compliance with procedural rules, *see e. g.* Pa.R.C.P. 126, we are also equally aware that justice is best served by the orderly administration of our system. Here, absent some showing that the requested continuance would have prejudiced or even seriously inconvenienced the appellee, which is quite unlikely from the facts presented to us,[8] the conflict in

5. While it is true that the difficulty was also communicated to the Chief Minute Clerk, there is no indication in this record that this officer had the authority to grant a continuance. To the contrary, Allegheny County local rule 2121x(B) would indicate that applications for continuances were to be heard and decided by the calendar control judge.

6. Pa.R.C.P. 216(A)(1) provides that a continuance will be granted upon "[a]greement of all parties or their attorneys, if approved by the Court." Although appellant has set forth many complaints in support of his position, it has not been alleged the appellee's counsel agreed to the requested continuance.

7. Appellant's counsel argues that he was not made aware of Judge Barry's decision to proceed; however, his apparent assumption that the continuance would be granted was totally unwarranted.

8. There is nothing in the record to suggest that the trial could not have been held on the following day.

counsel's trial calendar would have provided a sufficient excuse, but for the failure of counsel to promptly notify the court of the difficulty. *See e. g. Nerkowski v. Yellow Cab Co. of Pgh., supra.* There has been no reason offered why counsel for appellant could not have called the difficulty to the attention of the court on the day of the call of the list or on the following Monday, when it became apparent that the case would not be tried that day. To the contrary, appellant's counsel made no attempt to secure the approval of the extension he sought nor did he deem it appropriate to discuss the problem with the court until he was contacted by Judge Barry on the day of the trial. In view of counsel's failure to seek a continuance in compliance with the rules of court, and there being no legitimate excuse offered for that failure, it cannot be successfully argued that the trial court abused its discretion in allowing the trial to proceed.[9]

The order of the Superior Court sustaining the judgment is affirmed.

ROBERTS and MANDERINO, JJ., each filed dissenting opinions.

ROBERTS, Justice, dissenting.

Today the majority affirms a trial court's decision to permit an ex parte trial when counsel's excusable absence at a state court trial resulted from prior federal courtroom trial commitments and his active participation in a trial in progress of which he had informed both the court and opposing counsel. The record reveals the court inexcusably failed to inform counsel that it would proceed ex parte. Indeed, counsel appeared the following day, fully expecting

**9.** Appellant has attempted to divert the inquiry by raising questions as to the propriety of an alleged ex parte contact between appellee's counsel and the court and the failure of the Allegheny court system to have an adequate compliment of judges available on Monday, November 10. These claims are not only meritless but are also totally irrelevant to the question raised in the appeal.

trial to proceed. Again, I must "express my strong disagreement with any rule of court which subordinates the quality of justice to the hazards of arbitrary insistence upon an 'assembly-line' disposition of cases. Such inflexibility neither serves the interests of justice nor advances the proper objectives of effective court administration." *Budget Laundry, Inc. v. Munter,* 450 Pa. 13, 24, 298 A.2d 55, 59 (1972) (Roberts, J., joined by Nix and Manderino, JJ., concurring). I must dissent from this extraordinarily unfair and unexpectable result.

Everyone in and out of the legal profession knows that a trial lawyer cannot be trying one case in a federal courtroom and another case in a state courtroom on the same day, at the same hours. Yet despite this immutable principle, the trial court ignored reality and imposed the harshest of all trial sanctions upon an innocent litigant seeking justice—no trial at all when litigant's counsel was actively at trial in a different courthouse.

The trial judge closed the courtroom to the litigant, his witnesses and counsel and converted an adversary court trial into one in which the only litigant present and represented by counsel was certain to prevail. The trial court's justification for directing such a uniquely unjust result was "calendar control." But this record does not reveal the sound administration of the court's calendar. Instead, it demonstrates mismanagement of the most profound sort, mismanagement of the very processes which should promote and ensure the sensible and just operation of our trial courts.

Today's uneven-handed result is inexplicable in light of this Court's recent determination that judicial relief should be granted a litigant whose attorney failed to timely file an appeal, not because to do so would have defied the laws of nature, but rather because of negligence. *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979) (Roberts, J., joined by Eagen, C. J., dissenting). Certainly, no less relief is due here.

I am confident that the wisdom and sense of fairness of our trial judges will forestall the great harm of this affirmance.

MANDERINO, Justice, dissenting.

I emphatically dissent. The majority's conclusion in this case ignores concepts of fundamental fairness. First of all, eight of fifteen judges (including the trial court) were not available for civil trial on Monday, November 10, 1975, apparently because Tuesday, November 11, 1975 was a holiday. Appellant's counsel had made arrangements specifically with counsel for Dublin Sportswear to proceed on that Monday and they had even chosen a jury. Furthermore, appellant's counsel had told Dublin Sportswear's counsel by that Monday he would be unavailable for trial until Thursday. He even contacted various court personnel to that effect. Moreover, the trial judge apparently did not tell appellant's counsel that jury trial would proceed ex parte. Appellant's counsel claims that had he been told this, he would have made alternate arrangements. Finally, there was no real showing of prejudice to Dublin Sportswear justifying the drastic procedure of proceeding with a jury trial ex parte.

It is regrettable that so much judicial time and effort have gone into this matter. However, an injustice was done to appellant here because of what was possibly a misunderstanding by appellant's counsel, the trial court and Dublin Sportswear's counsel. There is no indication that appellant's counsel expressly refused to appear for trial on Wednesday, November 12. That appellant's counsel was involved in federal court and juvenile court on Wednesday, November 12, a fact previously known to counsel for Dublin Sportswear and various court personnel, and made known to the trial court on that very day, constitutes "satisfactory excuse" for counsel's absence under the circumstances of this case. Thus, it was reversible error for the trial court to proceed ex parte.