415 A.2d 1248

Daniel MAZZENGA, Appellant,

v.

Murray L. DORFMAN, M. D.

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed Dec. 14, 1979.

Jerome Gamburg, Philadelphia, for appellant.

Raymond J. Peppelman, Jr., Philadelphia, for appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

PER CURIAM:

This matter is on appeal from a lower court order refusing to remove a non-suit against appellant, Daniel Mazzenga. The non-suit was entered on the afternoon of June 20, 1978, after the trial court refused to grant counsel for appellant a continuance to 10:00 a. m. the next morning so that counsel could present an expert witness in his case in chief. Appellant filed a motion to take off the non-suit and for a new trial. These motions were heard by a court en banc and denied on March 29, 1979. For the reasons given below, we reverse the order of the court en banc and order that a new trial be granted.

A review of the record reveals that this action was instituted by appellant on November 18, 1975. The basis of the complaint is alleged medical malpractice committed by appellee. The case was called for trial on June 19, 1978, before Judge Cirillo but Judge Cirillo could not hear the matter because of an impediment. The case was then assigned to Judge Vogel who was also unable to accept the assignment.

The case was then assigned to Judge Honeyman as a back-up to a trial that was proceeding before Judge Honeyman at that time. When the assignment to Judge Honeyman was confirmed, appellant's counsel attempted to ascertain the length of the trial that was in progress. Appellant's counsel spoke with counsel for plaintiff in the case that was before Judge Honeyman at 3:00 p. m. on June 19, 1978. Appellant's counsel learned that the trial before Judge Honeyman was expected to continue for a few more days as plaintiff had three more witnesses to present and that there had been no offer of settlement up to that point. Relying upon that information he cancelled his appointment with Dr. Schrann who was scheduled to testify on June 20, 1978. Dr. Schrann was appellant's treating and expert physician and was crucial for the presentation of appellant's case. Counsel then rescheduled Dr. Schrann for June 21, 1979, and Dr. Schrann altered his appointments accordingly. On June 20, 1978, at 10:00 a. m. the case that had been before Judge Honeyman settled and this suit was called to trial.

During the morning of June 20th, the appellant and his wife testified. At 11:30 a. m. counsel for appellant requested a recess to the afternoon so he could get Dr. Schrann to the court house. The trial resumed at 1:30 p. m. at which time appellee was called as on cross examination and this testimony lasted until 2:30 p. m. At that time counsel for appellant made an unopposed request for a recess until 10:00 a. m. the next morning because Dr. Schrann could not leave his office as he had scheduled a number of patients in reliance upon his conversation with counsel for appellant. The trial court refused the request for a continuance and appellant rested. Appellee then made a motion for a non-suit which was granted.

■ The question presented is whether the trial court erred in denying appellant's request for a continuance. The considerations to be weighed by a trial court in deciding whether a continuance should be granted has been addressed by the Supreme Court of Pennsylvania in *Budget Laundry Company v. Munter,* 450 Pa. 13, 298 A.2d 55 (1972):

> "But it must always be borne in mind that law suits are more than numbers or punches in computer cards. Individual cases are, of course, of great importance to the litigants involved, and courts must not overreach in their zeal to move cases to such an extent as to allow for no deviations from strict and literal adherence to policies justifiably laid down to improve the condition of the courts."

The reasons given for the denial of appellant's motion to remove the non-suit are that if the continuance was granted the court would have wasted a total of three hours of court time and defense counsel would have incurred the additional expense of having to bring in his defense medical witness the next day. The court en banc also stated that appellant's counsel contributed to his own problems by second-guessing the court administrator in lining up his witness and by his failure to bring the problem to the attention of the trial court earlier in the day. We acknowledge that counsel for appellant's silence probably aggravated the situation but we also note that trial counsel can do nothing but guess about the time and date of an assignment when he is a back-up. If the trial court was concerned with the expense of keeping defense counsel's medical witness an extra day, he could have levied an appropriate sanction upon counsel for appellant. Considering all of the circumstances, we do not consider the action of appellant's counsel to have been so unreasonable as to merit the harshness of a non-meritorious disposition of his client's case.

■ In light of the Pennsylvania Supreme Court cases, *Budget Laundry, supra; Nerkowski v. Yellow Cab*, 436 Pa. 306, 259 A.2d 171 (1969); and *Bierstein v. Whitman*, 355 Pa. 515, 50 A.2d 334 (1943), we believe the instant case to be one of those situations requiring special consideration in the interest of justice to the litigants in having this matter adjudicated on the merits. We are mindful of the lower court's concern with respect to the backlog on trial calendars in the Commonwealth. However, we believe that the imposition of an appropriate sanction would be a more appropri-

ate device to employ to insure the speedy disposition of cases.

The order of the lower court denying appellant's petition to take off a non-suit is reversed and a new trial is granted.