417 A.2d 242

**Kenneth LOVE**

v.

**HARRISBURG COCA–COLA BOTTLING COMPANY, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1978.

Filed Dec. 21, 1979.

212

William D. Boswell, Harrisburg, for appellant.

Edgar B. Bayley, Camp Hill, submitted a brief late on behalf of appellee.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

LIPEZ, Judge:

In this personal injury action, the jury returned a $25,000 verdict for plaintiff Kenneth Love (Love) against defendant Harrisburg Coca-Cola Bottling Company, Inc. (Coca-Cola). Coca-Cola's motions for judgment n. o. v. and a new trial were denied, and a $25,000 judgment was entered for Love. Coca-Cola appeals from that judgment.

■ Coca-Cola claims it was entitled to judgment n. o. v. because the evidence was insufficient as a matter of law to support jury findings that: (1) Love's injury was caused by the negligence of Coca-Cola; and (2) Love was not contribu-

torily negligent. The evidence showed that Love was in Coca-Cola's plant as an independent contractor, performing brazing work which required the use of a ladder, supplied by Coca-Cola, to reach the area of the machine to be brazed. At first Love steadied the ladder while his associate, Mr. Humphries, did the brazing. Then Humphries came down and held the ladder for Love. Humphries was called away to work on another machine which was smoking, but Love continued to work on the ladder, until it slipped out beneath him and he was injured in the ensuing fall.

Humphries returned and found Love lying on the floor in water. Although Love was aware that Coca-Cola frequently had its clean-up crews going through the plant, and he had seen a clean-up crew on the other side of the machine when he ascended the ladder, the crew was not placing any water or cleaning solution in his work area at that time. Love testified there was no water on the floor when he ascended the ladder, and Humphries testified there was no water on the floor when he left the area to go to the other machine. Although the floor under the ladder sloped somewhat, Love testified that at the time he fell, the ladder was firmly braced against the machine, and he was standing still, with his weight evenly distributed.

"It is well settled that a judgment n. o. v. will be entered only in a clear case, and that any doubts will be resolved in favor of the verdict: [citing cases]." *Stewart v. Chernicky*, 439 Pa. 43, 53, 266 A.2d 259, 265 (1970). Applying this standard, we certainly cannot say that the evidence was clear that Love's fall did not result from Coca-Cola's negligence in allowing water from a clean-up crew operation to seep beneath the ladder and cause it to slip out from the machine. Neither can we say that the mere fact that Love was aware there was a clean-up crew in the area made Love's contributory negligence so clear as to justify taking this question from the jury. Denial of the motion for judgment n. o. v. was accordingly proper.

■ Coca-Cola also contends the court below erred in refusing its motion for continuance made on the morning of trial on the ground that Mr. Hager, a witness who was to fly in from North Carolina, had to stay in North Carolina indefinitely to deal with a sudden labor-management dispute at his employer's plant. "When a case is called for trial, the grant or refusal of a request for a continuance is within the discretion of the trial court and only where such discretion has been abused will the refusal of a continuance be reversed." *Phoenix Mutual Life Insurance Company v. Radcliffe on the Delaware, Inc.*, 439 Pa. 159, 165, 266 A.2d 698, 701 (1970). Coca-Cola did not bring specifically to the trial judge's attention at the time of the motion what Mr. Hager's testimony would be. Even now Coca-Cola only vaguely states in its brief, "Mr. Hager is considered by the Appellant a principal fact witness for the defense in that he observed the time sequence of the area floor cleaning as such relates to Mr. Love's use of the ladder, a material factual element of this case." As the court below observed, Coca-Cola had already stated in an answer to one of Love's interrogatories that it had no eyewitness. Furthermore, whatever Mr. Hager's testimony was going to be, the trial judge correctly pointed out that Coca-Cola knew long in advance of trial that Mr. Hager had moved to North Carolina, and yet made no effort to get his deposition. In addition, Love would have been greatly prejudiced by the grant of a continuance, since he and his principal witness had inconvenienced themselves considerably in order to be present for the start of trial when called. Under all these circumstances, there was certainly no abuse of discretion in denying the motion for continuance.

■ Coca-Cola claims that the trial judge should not have charged the jury that in order to bar recovery, contributory negligence by the plaintiff would have to be a "substantial factor" in plaintiff's injuries. It has long been settled that contributory negligence must be the proximate

cause of a plaintiff's injuries to bar recovery. *E. g., Argo v. Goodstein,* 438 Pa. 468, 481, 265 A.2d 783, 789 (1970). This court has unanimously approved a definition of proximate cause as a "substantial factor bringing about the harm" with respect to a jury charge on defendant's negligence. *Fredericks v. Castora,* 241 Pa.Super. 211, 220, 360 A.2d 696, 700 (1976). "Although the degree of negligence on the part of the plaintiff need not be the same as the degree of negligence on the part of the defendant, the same test must be applied to causal relation between the plaintiff's negligence and the resulting harm as between the defendant's negligence and the resulting harm." *Argo v. Goodstein, supra,* 438 Pa. at 481, 265 A.2d at 790. The court's charge on contributory negligence was correct.

■ Coca-Cola also contends it was error for the trial judge to refuse to charge the jury on superseding cause and assumption of risk. Coca-Cola claims the jury could have found that Humphries' leaving the ladder was a superseding cause of Love's accident, since it left plaintiff on the ladder with no one to steady it. With respect to assumption of risk, Coca-Cola's contention is that the jury should have been charged that recovery would be barred if they found the floor was wet or soapy when plaintiff ascended the ladder. We agree with the trial judge that there was no evidence in the record to justify a charge on either superseding cause or assumption of risk. Love's uncontradicted testimony was that the ladder was perfectly steady from the time he ascended it until the fall. Both Love and Humphries gave uncontradicted testimony that there was no moisture on the floor when Love ascended the ladder. Therefore there was no evidence upon which the jury could have based the necessary factual findings to support a conclusion of assumption of risk or superseding cause.

Coca-Cola's last claim is that the trial judge erred in proceeding with the trial with eleven jurors, when one of the jurors suffered an epileptic seizure during the jury's deliber-

ations, and had to be taken to the hospital. The verdict for the plaintiff was returned by the remaining eleven jurors. Although this verdict meets the requirement that it be returned by at least ⅚ of a civil jury, Pa.Const., art. I, § 6, Coca-Cola contends it was error to proceed with only the eleven jurors for two reasons: (1) Coca-Cola was entitled to the deliberations of all twelve jurors, even though only ten had to agree on the verdict; and (2) the epileptic seizure in the jury room had a prejudicial effect on the remaining eleven jury members, since they saw someone suffering while they were deliberating on a personal injury case.

■ Love contends that the first of these two grounds was waived by Coca-Cola's failure to raise it at trial. We agree. In objecting to continuation of the trial after the epileptic seizure, defense counsel stated, "I am merely concerned that this might be prejudicial because of the serious injuries that Mr. Love has sustained and then see something happen to somebody else. I mean that could trigger sympathy." At no time did defense counsel express any concern with a right to the twelfth juror's participation in deliberations. This ground was therefore waived. *Dilliplaine v. Lehigh Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974).

■ Regarding the second ground, the trial judge questioned the remaining eleven jurors immediately after the incident, and no juror indicated that seeing the seizure in the jury room would have any effect on the fair and impartial determination of the case. We see no reasonable possibility of prejudice to Coca-Cola from the tenuous link between the fact that this was a personal injury case and the fact that during deliberations the jurors saw someone other than the plaintiff suffering. The trial judge was correct in ordering the remaining eleven jurors to proceed to verdict, after satisfying himself that they would not be affected in their determination.

Judgment affirmed.