473 A.2d 1064

**PRINCESS HOTELS INTERNATIONAL**

v.

**Dennis E. HAMILTON, t/a Hamilton Holidays, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 2, 1983.

Filed March 16, 1984.

Petition for Allowance of Appeal Denied July 10, 1984.

---

228

---

Walter W. Wilt, Harrisburg, for appellant.

Harvey Freedenberg, Harrisburg, for appellee.

Before WICKERSHAM, WIEAND and CERCONE, JJ.

WIEAND, Judge:

Where a civil litigant decides to change lawyers and moves for a continuance four days prior to a scheduled, non-jury trial, is it an abuse of discretion to deny his request and require that trial take place as scheduled? We

conclude under the circumstances of this case that it was not.

Dennis E. Hamilton, trading as Hamilton Holidays, contracted with Princess Hotels International to lease ninety hotel rooms at the Bahamas Princess on the nights of April 13, 14 and 15, 1979. The total contract price of $14,266.80 was payable as follows:

| | |
|---|---|
| Deposit | $1,000.00 |
| January 13, 1979 | $4,422.26 |
| February 13, 1979 | $4,422.26 |
| March 13, 1979 | $4.422.28 |

The contract provided that in the event the rooms were cancelled less than thirty days prior to the date of arrival, the travel agent would be billed for the rooms for the entire stay.

Hamilton failed to make the payments required by the contract[1] and, on April 6, 1979, a week before the scheduled arrival, cancelled the reservations. Princess Hotels brought an action in assumpsit for the full balance of $10,266.80. Following trial without jury, at which Hamilton's sole defense was the intervention of the Three Mile Island incident on or about March 28, 1979, the court found that Princess Hotels was entitled to recover its damages, together with interest. Exceptions were dismissed, and the prothonotary was directed to enter judgment on the verdict. Hamilton appealed.

Appellant's attorney was Richard S. Friedman, Esquire, who, together with his associate, James Turner, Esquire, provided representation during the pleading and discovery stages. The case was certified ready for trial on August 29, 1980. In November, 1980, Friedman was imprisoned. Thereupon, Turner, on December 12, 1980, entered his separate appearance and assumed full responsibility for Hamilton's defense. On February 5, 1981, notice was given

---

1. After making the initial deposit, Hamilton made no payment until March 9, 1979, when he paid $3,000.00. Upon request, Hamilton sent a check for an additional $3,000.00, which was received on April 2, 1979, but payment thereon was stopped.

that trial had been scheduled for March 13, 1981. Shortly after notice was received, Hamilton and Turner met to discuss Hamilton's defense to the claim. By late February, however, Hamilton had become dissatisfied with Turner's services. In early March he attempted to retain another attorney, who refused to undertake Hamilton's defense because of the lack of time in which to prepare for trial. On March 9, 1981, Turner moved for a thirty day continuance. The motion was opposed by counsel for Princess Hotels; and the court denied the requested continuance. Immediately prior to trial, Hamilton renewed his request for a continuance. Appellee, who had brought witnesses from the Bahamas and from New Jersey for trial, opposed the request. The court again refused to continue the trial, and appellant, who had rejected the services of his attorney, proceeded to trial without counsel.

 The grant or refusal of a continuance when a case has been called for trial is within the discretion of the trial court; and that court's decision will be overturned only if its decision constitutes a clear abuse of discretion. *Phoenix Mutual Life Insurance Co. v. Radcliffe On The Delaware, Inc.*, 439 Pa. 159, 165, 266 A.2d 698, 701 (1970); *Ragnar Benson, Inc. v. Bethel Mart Associates*, 308 Pa.Super. 405, 416, 454 A.2d 599, 604 (1982); *Love v. Harrisburg Coca-Cola Bottling Co.*, 273 Pa.Super. 210, 214, 417 A.2d 242, 244 (1979). The matter of calendar control is best left to the tribunal concerned, and an appellate court is loathe to interfere unless justice demands intervention. *Dublin Sportswear v. Charlett*, 485 Pa. 633, 638–639, 403 A.2d 568, 571 (1979). See: *Budget Laundry Co. v. Munter*, 450 Pa. 13, 23, 298 A.2d 55, 59 (1972).

 Here, appellant became aware that his retained counsel would not be able to represent him in November, 1980, and Turner thereafter entered a separate appearance on appellant's behalf. This was almost two months before notice of trial was received and three months before the date set for trial. Turner was not unfamiliar with the case, for he had been associated with appellant's counsel and had

participated in the pleading and discovery stages of the litigation. Even after appellant had become disenchanted with Turner, more than three weeks remained before trial. Nevertheless, appellant waited until only one week before trial to seek another attorney and did not request a continuance of trial until only four days intervened. Appellant has not averred negligence or lack of preparation on the part of Turner, but only a desire to change attorneys. Under these circumstances, we cannot say that the trial court abused its discretion in refusing his request for a continuance of thirty days. This is particularly so where, as here, the issues were not complex and appellant's asserted defense to a breach of contract was of dubious validity. It is significant also that appellee required and had already arranged for the presence of witnesses from outside the state of Pennsylvania and from outside the continental United States in order to proceed on the date set for trial by the court. See: *Love v. Harrisburg Coca-Cola Bottling Co., supra.*

Appellant's reliance on *Bierstein v. Whitman,* 355 Pa. 515, 50 A.2d 334 (1947), is misplaced. In that case, the plaintiff, an out-of-state resident involved in a difficult malpractice case, was abandoned by counsel who withdrew his appearance without leave of court. A new attorney, who had been retained a few days prior to trial, was unprepared to proceed on the date of trial, and no witnesses were present. The court denied a requested continuance, and plaintiff's counsel was forced to proceed. After completing cross-examination of the defendant, who was called on plaintiff's side of the case, plaintiff's counsel requested that the trial be continued until the following day in order to obtain the presence of additional witnesses. The trial court denied the request and then, on motion of the defendant, entered a compulsory non-suit. This, it was held on appeal, was an abuse of discretion.

These are not the facts of the instant case. Here, appellant's counsel was familiar with the case and was both willing and able to represent appellant at trial. It was appellant who, shortly before trial, determined to obtain

other counsel. Appellant's right to be represented by counsel of his choice was not absolute, and when he determined to discharge his attorney without cause shortly before trial, he did so at his peril. *Snyder v. Port Authority of Allegheny County,* 259 Pa.Super. 448, 452, 393 A.2d 911, 913 (1978). He could not compel either the court or the plaintiff to subordinate their interests in having the case tried and adjudicated to his whim regarding the employment of new counsel. See also and compare: *Budget Laundry Co. v. Munter, supra; Nerkowski v. Yellow Cab Co. of Pittsburgh,* 436 Pa. 306, 259 A.2d 171 (1969); *Tobash v. Jones,* 419 Pa. 205, 213 A.2d 588 (1965); *Yoder v. T.F. Scholes, Inc.,* 404 Pa..242, 173 A.2d 120 (1961); *Krupa v. Williams,* 316 Pa.Super. 408, 463 A.2d 429 (1983); *Mazzenga v. Dorfman,* 272 Pa.Super. 379, 415 A.2d 1248 (1979); *Snyder v. Port Authority of Allegheny County, supra; Kaplan v. State Civil Service Commission,* 13 Pa.Cmwlth. 29, 317 A.2d 683 (1974).

 Appellant also contends that the verdict was improper because it was not shown that appellee had made a good faith attempt to mitigate the damages caused by appellant's breach of contract. There is no merit in this argument. "The general rule is that the burden of proof rests with the defendant to show that the plaintiff could have minimized his damages by using the ordinary care of a reasonable and prudent person." *APCL & K, Inc. v. Richer Communications, Inc.,* 241 Pa.Super. 396, 403–404, 361 A.2d 762, 766 (1976). See also: *Williams v. National Organization, Masters, Mates & Pilots of America,* 384 Pa. 413, 422, 120 A.2d 896, 901 (1956); *State Public School Building Authority v. W.M. Anderson Co.,* 49 Pa.Cmwlth. 420, 423, 410 A.2d 1329, 1331 (1980). Appellee's evidence showed that even though appellant's cancellation had occurred only a week before the first night's reservation, it had contacted other charter operators in an effort to relet the rooms. An expert witness expressed the opinion that appellee's efforts had been commercially reasonable. Although appellant disagreed and suggested additional ac-

tions that might have been taken, the trial court resolved this issue in favor of appellant. Where, as here, the trial court's findings are supported by the evidence, they are binding upon an appellate court. *Burke v. Israel,* 264 Pa.Super. 286, 292, 399 A.2d 779, 782 (1979).

The order and judgment is affirmed.