473 A.2d 1097

**Linda CASELLI and George Caselli,
Husband/Wife, Appellants,**

v.

**John WANAMAKER, Philadelphia and Estee Lauder, Inc.**

Superior Court of Pennsylvania.

Submitted Nov. 18, 1983.

Filed March 30, 1984.

Seymour Wasserstrum, Philadelphia, for appellants.

Eric A. Weiss, Media, for appellees.

Before McEWEN, HESTER and LIPEZ, JJ.

HESTER, Judge:

Appellants, Linda and George Caselli, filed a Complaint in Trespass and Assumpsit against appellees, John Wanamaker, Philadelphia and Estee Lauder, Inc., in the Court of Common Pleas of Philadelphia County. Appellant, Linda Caselli, purchased a jar of European Performing Cream sold by appellee Wanamaker and manufactured by appellee Estee Lauder. Appellants allege that Linda Caselli sustained multiple injuries to her eyes following application of this cream to her face. Appellants complaint was filed in the Civil Division of the Court of Common Pleas of Philadelphia County; however, it was later submitted by the Arbitration Commission for arbitration. The panel of arbitrators filed an award for appellees and against appellants. Appellants appealed to the Civil Division of the Court of Common Pleas of Philadelphia County and thereby acquired a trial de novo.

Neither appellants nor their counsel appeared for trial on March 5, 1982. Appellees and their counsel were present. Appellants' counsel directed substitute counsel, who was unfamiliar with the case, to appear at trial and inform the court that counsel was not prepared to go to trial. Substitute counsel was similarly not prepared for trial; however, he attempted on the day of trial to settle the case. When settlement did not occur, appellees filed a motion for non-suit. A nonsuit order resulted and appellants filed this appeal.

In the interest of a more comprehensive understanding of the background of this case, we shall discuss the method of dispensing trial notices in Philadelphia County. Effective March 1, 1982, four days prior to trial here, the assignment of a trial date was to appear first in *The Legal Intelligencer* one (1) week prior to and again on the day of trial.

Cases listed for trial or as back-up cases not heard on the assignment date would become the first cases for trial the following day.

The edition of *The Legal Intelligencer* dated February 22, 1982 notified the parties herein that their case was scheduled for trial on March 5, 1982. *The Legal Intelligencer* reprinted the trial date in its March 5th edition.

Pennsylvania Rule of Civil Procedure 216(A) sets forth grounds justifying a trial continuance:

### Rule 216. Grounds for Continuance

(A) The following are grounds for continuance:

(1) Agreement of all parties or their attorneys, if approved by the Court;

(2) Illness of counsel of record, a material witness, or a party. If requested a certificate of a physician shall be furnished, stating that such illness will probably be of sufficient duration to prevent the person from participating in the trial;

(3) Inability to subpoena or to take testimony by deposition, commission, or letters rogatory, of any material witness, shown by affidavit which shall state;

(a) The facts to which the witness would testify if present or if his deposition should be taken;

(b) The grounds for believing that the absent witness would so testify or give his deposition;

(c) The efforts made to procure the attendance or deposition of such absent witness; and

(d) The reasons for believing that the witness will attend the trial at a subsequent date, or that his deposition can and will be obtained;

(4) Such special ground as may be allowed in the discretion of the court.

Appellants do not contend that a continuance was supported by those grounds set forth in Rule 216(A)(1), (2) and (3). Rather, they propose that counsel's preoccupation with two unrelated civil proceedings before different judges in the same court warranted the granting of a continuance.

■ Indeed, trial counsel's previous court commitment does constitute justifiable grounds for granting a continuance under Rule 216. *Budget Laundry Company v. Munter*, 450 Pa. 13, 298 A.2d 55 (1972); *Nerkowski v. Yellow Cab Company of Pittsburgh*, 436 Pa. 306, 259 A.2d 171 (1969). However, unless the prior commitment is timely made known to the court, it will not justify a continuance. *Budget Laundry, supra; Nerkowski, supra.*

■ In *Nerkowski v. Yellow Cab*, the Pennsylvania Supreme Court found the lower court to have abused its discretion in allowing trial to proceed ex parte where defense counsel was absent due to his commitment to try an unrelated case at the same time. The original defense counsel in *Nerkowski* was compelled to withdraw from the case three days prior to the call of the trial list on January 10, 1969 due to his appointment by the Governor of Pennsylvania to the bench of the Court of Common Pleas of Allegheny County. Thereafter, the defendant hired new counsel one day prior to the call of the list. On January 10, 1969, the day of the call of the list, new counsel requested a one-week postponement to facilitate preparation. This request was denied. On January 13, 1969, the day of trial, new counsel's second request for a continuance was filed and denied.

In finding the lower court's denial of a continuance to constitute an abuse of discretion, the *Nerkowski* court was impressed with the short delay requested, the absence of plaintiff's objection to a continuance, the understandable unfamiliarity of new counsel with the case, and the unexpected and unforeseeable appointment of prior counsel to the bench.

In *Budget Laundry*, the Pennsylvania Supreme Court complied with the holding in *Nerkowski*. The case in *Budget Laundry* was listed for jury trial for the term commencing January 11, 1971, and was scheduled to be called on the jury trial list dated January 19, 1971. On January 19, 1971, the calendar control judge was informed that the defendant's counsel was before another judge of that same court

and scheduled to commence trial in the federal district court immediately thereafter. The calendar control judge disregarded the excuses and immediately commenced jury selection. A representative from the firm of defendant's counsel again sought a continuance on the following day when the parties were to begin presenting their cases. The second request for a continuance was denied and trial proceeded ex parte.

In reversing both the trial and Superior Courts, the Pennsylvania Supreme Court in *Budget Laundry* deemed the commencement of an ex parte trial an unduly harsh consequence of defense counsel's unavailability. The court first noted the impossibility of assigning a certain trial date early in proceedings. Instead, civil division cases reached a trial list on a specific date but the commencement of trial depended upon its position on the list and the disposition of other cases on that same list. In *Budget Laundry*, jury selection did not begin until eight days following the date the case reached the trial list. The Supreme Court was of the opinion that that was an unreasonably long period to expect counsel to forego proceeding to trial in unrelated cases due to that case reaching the trial list. Furthermore, the *Budget Laundry* court did not expect counsel's partner to be sufficiently familiar with the case to try it in his stead. The court recognized that plaintiff's counsel did not object to the request for a continuance, that a continuance would not have prejudiced plaintiffs as trial was certain to occur within the same term, and that conflicts arising from simultaneous proceedings occur so infrequently that once they do arise the court should accommodate counsel.

*Budget Laundry* and *Nerkowski* direct trial courts to grant a continuance where one party's counsel has a conflicting court schedule, where trial is not delayed for an unduly long period, and where the other party neither objects to the continuance nor is prejudiced should one be granted.

Here appellant's counsel was committed to trial before another judge in the same court. With that trial having

commenced prior to trial here, a few days' continuance should have accommodated appellant's counsel. Under those circumstances, it is difficult to imagine any prejudice suffered by appellee. Furthermore, there is no indication that appellee objected to appellant's request for a continuance. It appears, therefore, that a continuance was incorrectly denied by the lower court.

We would be remiss, however, were we not to address one factor setting this instant matter apart from *Budget Laundry* and *Nerkowski*. Although appellant sought a continuance due to counsel's unavailability, these grounds were not conveyed to the lower court. In fact, the lower court indicates that once settlement negotiations proved fruitless and counsel remained unavailable, appellant's substitute counsel consented to the entry of a nonsuit. In both *Budget Laundry* and *Nerkowski*, a continuance was requested and grounds in support of said continuance were proposed.[1]

In *Dublin Sportswear v. Charlett*, 485 Pa. 633, 403 A.2d 568 (1981), we learn that commitment to unrelated trials occurring simultaneously is grounds for a continuance pro-

---

1. It is true that Pa.R.C.P. 216(C) requires the filing of a written application for a continuance at least one week prior to the first day of the trial period if cause for continuance is known "at the time of publication or prior call of the trial list." Despite appellant's oral request for a continuance on the day of the call of the trial list, Rule 216(C) is not necessarily violated. Appellant did indeed have at least two unrelated trial proceedings pending simultaneously in the Court of Common Pleas of Philadelphia County. There is no indication, however, that appellant knew prior to trial that both cases would reach trial on the same date. They may have been on the same trial list or contemporaneous trial lists, but the possibility presented itself that one trial could terminate prior to the commencement of another trial. *Budget Laundry* correctly points out that last minute settlements or quick trials of other cases on the list could leave counsel with a moment's notice of commencement of trial. As a result, it would be unfair to find appellant in violation of Rule 216(C), despite his failure to file a timely application for continuance; whether a conflict existed may have been unknown to him until the day of trial. Indeed, in both *Budget Laundry* and *Nerkowski*, counsel made their first request for a continuance from the Calendar Control Judge on the day of the call of the list.

viding the court, which is to rule on the request for the continuance, is apprised of the conflict at the earliest possible moment. The defendants' counsel in *Dublin Sportswear* had commitments in two proceedings in addition to the one at issue. At the call of the list on November 7, 1975, counsel advised plaintiff's counsel only of his conflict; he did not call the conflicts to the court's attention. Upon receiving notice from plaintiff's counsel that trial was likely to commence on November 12, 1975, defense counsel again informed opposing counsel of his conflict and that he would not be prepared to commence trial until November 13, 1975. When defense counsel did not appear for trial, the trial judge called him. At that moment, for the first time, defense counsel informed the court of his scheduling conflict. Despite having a justifiable excuse for a continuance, counsel's failure to communicate his conflict to the court at the call of the list or at least when the actual trial date became apparent, properly resulted in the commencement of trial in one party's absence.

As alluded to above, we do not find this matter entirely within the parameters set by *Budget Laundry* and *Nerkowski* due to the fact that appellant's counsel did not make known to the court the *grounds* for continuance. In that sense we find *Dublin Sportswear* to be controlling. We recognize, of course, that unlike *Dublin Sportswear*, appellant's substitute counsel did convey the fact that counsel was not ready to proceed to trial. Insofar as that action is insignificant, however, it does not satisfy the burden of justifying a continuance. It is significant that substituted counsel did not *explain* counsel's absence; he merely informed the court that he was not ready for trial. Accordingly, we affirm.

Order affirmed.

McEWEN, J., did not participate in the consideration or decision of this case.