## Simmons v. St. Clair Hospital

*Judd F. Crosby*, for plaintiff.
*John C. Conti*, for defendant.

STANDISH, *J.*, January 26, 1987—

I

This is an appeal from this court's order dated November 13, 1986, denying the motion of plaintiff-appellant, Thomas Simmons, administrator of the estate of Richard D. Simmons, deceased, for post-trial relief requesting a new trial. Plaintiff maintains that the denial of his request for a continuance on the day of trial, based on the refusal of his only expert liability witness to testify at the second trial of this medical malpractice action, was an abuse of discretion and contrary to law. A compulsory non-suit was entered in favor of defendant, St. Clair Memorial Hospital. For the reasons set forth below, the denial of plaintiff's request for a continuance was within the sound discretion of the court and the post-trial motion properly denied.

II

Richard D. Simmons committed suicide on September 1, 1977, while he was a patient in the psy-

chiatric unit of the hospital. Decedent used the tie from a hospital robe to hang himself from the plumbing fixtures in the bathroom adjacent to his room. Decedent had been admitted to the hospital on August 28, 1977 by Alan Wright, M.D. following a suicide attempt. Dr. Wright was chairman of the department of psychiatry of the hospital at the time of decedent's admission.

Plaintiff brought suit against the hospital on March 20, 1979. The complaint alleged that decedent's suicide was the result of the negligence of the hospital's employees, agents and servants in failing to provide adequate care and supervision to prevent decedent from harming himself.

By order of court dated July 22, 1981, the case was scheduled for trial on the November, 1981 trial list. During trial, plaintiff attempted to introduce evidence to prove that Dr. Wright (not joined as a defendant) was an actual or ostensible agent of the hospital. The trial court excluded such evidence on the ground that, as a matter of law, Dr. Wright was not the hospital's employee, agent, or servant, express or implied. The jury was instructed that Dr. Wright was not an employee, agent or servant of the hospital, that the hospital was not responsible for his actions, and that any error or improper conduct on his part was not that of the hospital. The trial resulted in a jury verdict in favor of the hospital.

Plaintiff's motion for new trial followed. After argument before the court en banc, the Honorable Silvestri Silvestri filed an opinion and order on February 25, 1982, granting a new trial and holding that it had been error to withdraw the question of Dr. Wright's agency from the jury. The trial court's new trial award, limited to the following issues, was affirmed by the Superior Court of Pennsylvania on August 17, 1984:

(1) whether Dr. Wright was an actual or ostensible agent of the hospital;

(2) whether he was negligent in his care and supervision of decedent;

(3) whether his negligence was a proximate cause of decedent's death; and

(4) the resulting damages (if appropriate).

The case was scheduled for new trial in this court on the September, 1986 trial list which was published on April 22, 1986.

David Lee Spence, M.D., a psychiatrist, was the expert witness who provided reports to plaintiff's counsel and testified as to liability on behalf of plaintiff at the first trial. Dr. Spence was the only expert witness as to liability whom plaintiff anticipated calling at the second trial. The parties stipulated that expert testimony would have been necessary to prove plaintiff's prima facie case.

Although the September trial list was published on April 22, 1986, plaintiff's counsel waited more than two months until June 27, 1986, to notify Dr. Spence, by letter, of the second trial and the need for his testimony. A month later, by a letter dated July 28, 1986, plaintiff's counsel was informed by Dr. Spence that he declined to testify. (The letter has never been produced).

Rather than retaining another expert witness, plaintiff's counsel asked Dr. Spence to reconsider his decision. On September 3, 1986, Dr. Spence reiterated to plaintiff's counsel his decision not to testify.

Two days thereafter, on September 5, 1986, plaintiff's counsel presented a motion for continuance to the calendar control judge, the Honorable Bernard J. McGowan. He denied the motion and suggested that a bench warrant, if needed, could be issued to compel the doctor's testimony. In response to this

suggestion, Dr.. Spence, by letter dated September 6, 1986, stated that, even if he were subpoenaed and brought to court on a bench warrant, he would still not offer his professional opinions on behalf of plaintiff.

Counsel for plaintiff attached the letter to a renewed motion for continuance which was presented to the calendar control judge on September 9, 1986. This motion was also denied.

On September 12, 1986, plaintiff's counsel deposed Dr. Spence for use at the second trial of this case which appeared on the list of cases to be called for trial on September 19, 1986. During the deposition, Dr. Spence testified that he absolutely refused to render a professional opinion on plaintiff's behalf. Furthermore, he declined to give a reason for his refusal to testify, stating that it was "a private matter".

A third motion for continuance, with the deposition transcript attached, was presented to the calendar control judge on September 16, 1986. Once again the motion was denied; a jury was selected on September 22, 1986, and the case assigned to this member of the court for trial. Before the commencement·of the testimony, plaintiff presented a motion for continuance for the fourth time. This motion was denied by the trial court.

Following the final denial of plaintiff's request for continuance, a compulsory nonsuit was entered against plaintiff and in favor of the hospital. Subsequently, plaintiff moved for post-trial relief which was also denied. This appeal followed.

### III

Pa.R.C.P. 216 delineates the various grounds for continuance. Rule 216 states:

"(1) Agreements of all parties or their attorneys, if approved by the court;

"(2) Illness of counsel of record, a material witness, or a party. If requested a certificate of a physician shall be furnished, stating that such illness will probably be of sufficient duration to prevent the ill person from participating in the trial;

"(3) Inability to subpoena or to take testimony by deposition, commission, or letters rogatory, of any material witness, shown by affidavit which shall state:

"(a) The facts to which the witness would testify if present or if his deposition should be taken;

"(b) The grounds for believing that the absent witness would so testify or give his deposition;

"(c) The efforts made to procure the attendance or deposition of such absent witness; and

"(d) The reasons for believing that the witness will attend the trial at a subsequent date, or that his deposition can and will be obtained;

"(4) Such special ground as may be allowed in the discretion of the court."

Plaintiff asserts that under Pa.R.C.P. 216(a)(4), he was entitled to a continuance due to the existence of a "special ground" and that it was an abuse of discretion to deny the continuance. The trial court does not agree.

In *Princess Hotels International v. Hamilton,* 326 Pa. Super. 226, 230, 473 A.2d 1064, 1066, the Superior Court of Pennsylvania stated:

"The grant or refusal of a continuance when a case has been called for trial is within the discretion of the trial court; and that court's decision will be overturned only if its decision constitutes a clear abuse of discretion. *Phoenix Mutual Life Insurance Co. v. Radcliff On the Delaware, Inc.,* 439 Pa. 159, 165, 266 A.2d 698, 701 (1970); *Ragnar Benson, Inc. v. Bethel Mart Associates,* 308 Pa. Super. 405, 416, 454 A.2d 599, 604 (1982); *Love v. Harrisburg*

*Coca-Cola Bottling Co.,* 273 Pa. Super. 210, 214, 417 A.2d 242, 244 (1979). The matter of calendar control is best left to the tribunal concerned, and an appellate court is loathe to interfere unless justice demands intervention." *Dublin Sportswear v. Charlett,* 485 Pa. 633, 638-639, 403 A.2d 568, 571 (1979). See *Budget Laundry Co. v. Munter,* 450 Pa. 13, 23, 298 A.2d 55, 59 (1972).

Three factors are relevant in determining whether the refusal to grant a continuance is an abuse of the trial court's discretion:[1]

(1) whether a delay will cause prejudice to the opposing party;

(2) whether opposing counsel is willing to continue the case; and

(3) the length of the delay requested. *Nerkowski v. Yellow Cab Company of Pittsburgh,* 436 Pa. 306, 309, 259 A.2d 171, 173 (1969); *Snyder v. Port Authority of Allegheny County,* 259 Pa. Super. 448, 453, 393 A.2d 911, 914 (1978); *Krupa v. Williams;* 316 Pa. Super. 408, 419, 463 A.2d 429, 434 (1983). An analysis of these factors leads to the conclusion that a continuance should not have been granted in the present case.

Addressing the first factor, in *Snyder,* supra, the delay requested was one of six months to the next jury trial list. The Superior Court of Pennsylvania held that the six-month delay ". . . would prejudice the [defendant] in that counsel for [defendant] was prepared to proceed, witnesses were ready and available, which could not be guaranteed . . ." if the trial were delayed for that length of time. 393 A.2d at 914.

---

1. A fourth factor, the complexity of the case, should also be considered if the continuance is sought due to the unavailability of counsel. This factor is not relevant here.

Similarly, in the present case defense counsel was prepared to proceed. Due to the complexities involved in medical malpractice actions, it could hardly be disputed that defense counsel had completed extensive trial preparation by the day of trial or that the time spent in such preparation would have been virtually wasted if the trial were delayed eight months. Moreover, as in *Snyder,* it could not be guaranteed that the hospital's witnesses would be available in May 1987, the earliest time when the case could have been relisted for trial. Under the circumstances, the hospital would have been prejudiced by the grant of the requested continuance.

Turning to the second factor to be considered, counsel for the hospital was unwilling to continue the case. The hospital's brief details the long history of the case since its commencement in 1979, and it is apparent that there was justification for opposing further delay in order to have the case finally resolved. Counsel for the hospital, for good cause, opposed each motion made to the calendar control judge and to this member of the court.

Considering next the length of the requested delay, several cases have held that a trial court abused its discretion in denying only short continuances. *Nerkowski v. Yellow Cab Company of Pittsburgh,* 436 Pa. 306, 259 A.2d 171 (1969) (involving a one week continuance until trial counsel's other case was completed); *Budget Laundry Company v. Munter,* 450 Pa. 13, 298 A.2d 55 (1972) (in which the continuance would not have extended beyond the then-current trial term); *Mazzenga v. Dorfman,* 272 Pa.Super. 379, 415 A.2d 1248 (1979) (involving a continuance of approximately three hours); *Krupa v. Williams,* 316 Pa. Super. 408, 463 A.2d 429

(1983) (in which plaintiff requested a continuance of two to three days).

By contrast, in the present case, a minimum delay of eight months would have resulted if plaintiff's request for a continuance had been granted because the case could not have been relisted for trial until May 1987. For the reasons mentioned above in connection with the prejudicial effect of the grant of a continuance, and in light of the long history of this case, it was not an abuse of discretion to deny plaintiff's request for a continuance which would have necessitated another long delay in the final adjudication of this case.

In the present case, however, there were two additional considerations of importance which led to the refusal of the court to continue the case. First, the civil division of this court manages, only with great difficulty, its ever increasing case backlog due to the number of cases being filed and the unavailability of judges to conciliate and hear civil jury cases.[2] A continuance of this "must try" case would have resulted in the future expenditure of judicial time at the expense of one or more other cases on the May 1987 trial list. Second, the requested continuance was due, in part at least, to the fact that plaintiff's counsel lacked diligence in that (a) he failed to notify Dr. Spence promptly of the scheduled second trial and (b) he did not attempt, at any time prior to the denial of the continuance, to

---

2. The 1985 Annual Report of the Administrative Office of Pennsylvania Courts shows that there were 6,386 civil cases pending in Allegheny County on December 31, 1985, an increase of 2,063 (or 48 percent) over the number of such cases pending on January 1, 1985. The number of cases disposed of by jury during 1985 was 229.

secure another expert witness to replace Dr. Spence so that the case could be tried as scheduled. Indeed, on the morning of trial (and on the date of the argument of the post-trial motion, November 3, 1986) plaintiff's counsel gave the court no indication that he had yet made any attempt to secure the testimony of another expert. His efforts, apparently, had been unsuccessfully directed to the persuasion of Dr. Spence to reconsider his decision not to testify. The situation presented to the court would have been totally different if plaintiff had appeared on the morning of trial with another expert who was willing to testify on his behalf but who needed only a short interval to prepare for trial.

Plaintiff's counsel took his chances in choosing to attempt to persuade Dr. Spence to reconsider his decision not to testify rather than attempting to secure the testimony of another expert. It was a risk that plaintiff should bear, rather than the hospital or the court system.

One final issue must be addressed. Plaintiff asserts in his brief in support of the motion for post-trial relief that the refusal to grant his motion for continuance is a denial of due process under the Pennsylvania and United States Constitutions. However, plaintiff has waived this issue by failing to raise this issue at the time that he presented the motions for continuance to the calendar control judge and the trial judge. Further, plaintiff did not raise this issue in his motion for post-trial relief or in his argument on the motion before this member of the court. See Pa.R.A.P. 302(a); *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

For the reasons mentioned above, the trial court did not abuse its discretion in denying plaintiff's post-trial motion.