# Masthope Rapids Property Owners
# Association v. Ury

C.P. of Pike County, nos. 1560, 1561, 1562, 1563, 1564, 1565—1992 and 1566, 1567, 1568, 1569, 1570, 1571, 1572—1992.

*John Kleymeyer,* for plaintiff.
*Joseph Murray,* for defendant.

THOMSON, *P.J.,* March 22, 1996—This case arises out of an appeal by the defendants (appellants) to this court's decision of December 18, 1995, which denied defendants' motion for post-trial relief and/or to remove nonsuit.

The decision was duly appealed and by our order of January 12, 1996, we directed the appellants to file a concise statement of matters complained of on appeal. In response, appellants submitted said statement on January 22, 1996.

The appellants' statement generally avers that we erred in our denial of appellants' post-trial relief, specifically a motion to remove nonsuit. The appellants were scheduled to go to jury trial during the November 1995 Pike County trial term. They admit that they had received a copy of the November civil trial list which listed the pre-trial conference date. Nevertheless, they failed to appear at the conference held on October 3, 1995. The appellants aver that a conflicting trial held in Lackawanna County on the same day prevented their appearance at the pre-trial conference. A letter advising the court of same was received on October 3, 1995.

On several occasions following the pre-trial conference, the court administrator contacted appellants' counsel to ascertain the appellants' trial status. None of the calls to counsel's office were returned. At the time of jury selection on November 6, 1995, the appellants and their counsel failed to appear. The plaintiffs in the action moved for and were granted a nonsuit.

Appellants' motion averred that due to counsel's absence at the pre-trial conference, he was not informed of a trial date which resulted in his failure to appear at jury selection. Counsel further averred that since a trial date was not contained on the trial list for the November 1995 trial term nor in any other notice from

this court, he was uninformed of the date for jury selection and therefore unable to appear.

The consequences for failing to appear at trial are set forth in 42 Pa.R.C.P. 218:

"Rule 218. Party not ready when case is called for trial;

"(a) Where a case is called for trial, if without satisfactory excuse, a plaintiff, is not ready, the court may enter a nonsuit on the motion of the defendant or a non pros on the court's own motion . . .

"(c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse."

The notes of the above rule state: "The mere failure to appear for trial is ground for entry of a nonsuit or a judgment of non pros or the reinstatement of a compulsory arbitration award. A nonsuit is subject to the filing of a motion under Rule 227.1(a)(3) for post-trial relief to remove the nonsuit. . . ."

Upon considering a motion to remove a nonsuit a court must determine if a satisfactory excuse exists for the party's failure to appear at trial. 42 Pa.R.C.P. 218; see *Dublin Sportswear v. Charlett,* 485 Pa. 633, 637, 403 A.2d 568, 570 (1979). Furthermore, all post-trial motions shall be filed within 10 days after notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial. 42 Pa.R.C.P. 227.1(c)(2).[1]

It is not the policy of the Pike County Court of Common Pleas to place dates certain for trial in a trial list or to inform counsel of a date certain for jury trials

---

1. The court notes that the motion for post-trial relief was not timely filed. The nonsuit in this case was granted on November 6, 1995, and counsel presented the post-trial motion on November 30, 1995, well beyond the 10 day limit in both local and state rules.

at the pre-trial conference. The parties and their counsel are "on call" for the two week period designated for jury trials and are subject to be called for trial as other scheduled cases are completed or settled. The two week period scheduled for jury trials is listed in the court calendar, a copy of which is mailed each year to attorneys practicing before the Pike County Bar, including appellants' counsel.

Furthermore, it is the Pike County policy to select juries for all jury trials on the first day of the trial term. The date for jury selection is also listed on the court calendar. In addition, the local rules and court dates can be easily accessed by either attending the pre-trial conference, contacting local counsel or the court.

It is the duty of counsel to ascertain and stay informed of their trial date. Counsel's sole argument in his motion is that the trial court failed to adequately inform him of a trial date. His argument infers that our local procedure regarding the setting of dates for jury selection and the scheduling of trials resulted in his inability to appear for jury selection.[2]

This argument is without merit. Every attorney trying cases in Pike County must ascertain and follow our procedures. The procedures we have implemented are not unreasonable or burdensome. Counsel's argument would permit parties to justify their failure to appear at trial on their ignorance of the local procedures.

As previously stated, counsel possessed a copy of the court calendar which listed the date for jury selection and the trial term. Furthermore, the court administrator contacted and left several messages at counsel's office,

2. It is worth noting that counsel for the appellants has previously practiced in Pike County.

inquiring about appellants' status for trial. No calls between the pre-trial conference of October 3, 1995, and jury selection on November 6, 1995, were returned.

Appellants have simply not presented a satisfactory excuse for failing to attend the trial. Since counsel has merely attacked the sufficiency of our local procedures, we concluded that no further fact-finding was needed.