682 A.2d 343

**Joseph A. PAPALIA, Appellant,**

**v.**

**MONTOUR AUTO SERVICE COMPANY, Thomas W. Bixler and Jane Bixler, His Wife, and Ronney Faulk and Donna K. Faulk, His Wife, Appellees.**

**Joseph A. PAPALIA, Appellant,**

**v.**

**William H. FISH t/d/b/a Fish Real Estate, Better Homes and Gardens, Appellee.**

**Lisa A. Reighard PAPALIA, Appellant,**

**v.**

**MONTOUR AUTO SERVICE COMPANY, Thomas W. Bixler and Jane Bixler, His Wife, Ronney Faulk and Donna K. Faulk, His Wife, and William H. Fish t/d/b/a Fish Real Estate, Better Homes and Gardens, Appellees.**

**Appeal of Joseph A. PAPALIA and Lisa A. Reighard Papalia.**

Superior Court of Pennsylvania.

Argued June 13, 1996.

Filed Aug. 7, 1996.

---

James M. Wiley, Williamsport, for Joseph A. & Lisa A. Reighard Papalia, appellants.

John F. Fox, Jr., Plymouth Meeting, for Montour Auto Service Co., appellee.

Brian C. Caffrey, Williamsport, for Ronney & Donna Faulk, appellees.

C. Edward Mitchell, Williamsport, for William H. Fish, appellee.

Before TAMILIA and JOHNSON, JJ., and MONTEMURO, J.*

MONTEMURO, Judge:

This is an appeal from the Order of the Court of Common Pleas of Lycoming County refusing to remove a nonsuit entered against Joseph and Lisa Papalia (Appellants). For the following reasons, we affirm.

This appeal is comprised of three consolidated cases, the earliest of which was commenced on July 31, 1992. The complaints were filed on behalf of Appellants by J. David Smith, Esquire, and alleged that Appellees either were responsible for contaminating their real estate with heating oil or failed to inform them that the real estate was so contaminated.

After an extensive period of pre-trial discovery and motions practice, a pre-trial conference was held on May 24, 1994. The court then entered a pre-trial order on May 27, 1994, scheduling trial for the term of June 13 through July 1, 1994.

On June 20, 1994, one week before trial was to commence, attorney Smith requested that he be allowed to withdrawal his appearance as counsel for Appellants. At that time, Appellants filed a motion for a continuance to secure new counsel. These requests were based on allegations that attorney Smith and his clients had a fundamental disagreement on core issues regarding the handling of the case. After a hearing, the court granted counsel's petition to withdraw and granted Appellants' motion for a continuance, provided that they post $2,000.00 with the Prothonotary to cover any direct costs caused by the continuance, and that defense counsel provide the Court Administrator with a block of three days during the October term during which their experts and witnesses would be available. The court also informed Appellants that it would not continue the case again at their request. In its Order dated June 24, 1994, the court reiterated that the case was not to be continued again at the request of Appellants, and

* Retired Justice assigned to Superior Court.

substitute counsel, as well as Appellants' witnesses, would need to be available at the time the court sets for trial.

On September 1, 1994, Appellants filed another motion for a continuance. They alleged that, despite due diligence, they were unable to retain substitute counsel willing to accept their case on the condition that it be tried during the October term, but that they had found counsel who would represent them upon the grant of another continuance.

On September 9, 1994, the court ordered Appellees to file answers to Appellants' motion for a continuance and ordered Appellants to file a certification of substitute counsel, concerning that counsel's willingness to represent Appellants and abide by the court's requirements. The court also directed Appellants to continue to pursue all reasonable possibilities of obtaining counsel who would be willing and able to try the case during the scheduled trial dates of October 24 through October 27, 1994. On September 22, 1994, the court entered an Order denying Appellant's motion for a continuance. Later that same day, when it became apparent that the court's Order of September 9, 1994, had been mailed to the wrong address, the court entered a supplemental Order. It provided Appellants the opportunity to file the previously required certification of substitute counsel by September 30, 1994.

On October 4, 1994, the court held a hearing on Appellants' second motion for a continuance. Appellees set forth their objections to another continuance. Appellants, unrepresented by counsel, provided no specifics concerning the unavailability of counsel that was allegedly willing to represent them if they were able to obtain a continuance.[1] Appellants also failed to present any evidence concerning any additional efforts to obtain substitute counsel after August 30, 1994. The court denied Appellants' motion for a continuance, at which time Appellant Mr. Papalia stated that he was prepared to represent himself and that his wife would represent herself. (N.T. October 4, 1994, at 32.) However, on October 24, 1994, the

1. The certification of substitute counsel merely stated, "Counsel has numerous other matters scheduled which cannot be postponed, leaving counsel with insufficient time to do the necessary prepatory [sic] work."

day jury selection was to commence, Appellants refused to proceed with the trial without counsel. (N.T. October 24, 1994, at 6.) Appellants also stipulated that if a jury were impaneled, they would not present any evidence in their case. On that basis, Appellees moved for an involuntary nonsuit against Appellants, which the court granted.[2] The Order granting the nonsuit was filed with the Prothonotary on November 2, 1994.

On November 14, 1994, Appellants, through new counsel, filed a motion for post-trial relief, seeking removal of the nonsuit and asserting that the court abused its discretion by denying their motion for a continuance. On February 22, 1995, the trial court denied Appellants' motion. The instant appeal followed.

We must first address Appellees' contention that this appeal should be quashed, because Appellants failed to file a timely motion for post-trial relief. Rule 227.1(c) of the Pennsylvania Rules of Civil Procedure provides that post-trial motions shall be filed within ten days after:

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

(2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial.

■ Although it is not clear from the language of Rule 227.1(c)(1) whether the ten day period should begin running upon the announcement by the court or the actual filing of the Order, we believe that this period begins to run when the Order of the court is entered on the docket, thereby placing it on the record. Accordingly, we find that Appellants' motion for post-trial relief was timely, and this appeal is properly before this court.

■ Rule 216(A) provides the following grounds for a continuance:

2. Rule 218 of the Pennsylvania Rules of Civil Procedure provides:
Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion.

(1) Agreement of all parties or their attorneys, if approved by the court;

(2) Illness of counsel of record, a material witness, or a party ...;

(3) Inability to subpoena or to take testimony by deposition, commission, or letters rogatory, of any material witness ...;

(4) Such special ground as may be allowed in the discretion of the court.

(5) The scheduling of counsel to appear at a proceeding under the Pennsylvania Rules of Disciplinary Enforcement ...

(6) The scheduling of counsel to appear at a proceeding involving the discipline of a justice, judge or district justice ...

Pa.R.Civ.P. 216(A). Rule 216 further provides that:

(B) Except for cause shown in special cases, no reason above enumerated for the continuance of a case shall be of effect beyond one application made on behalf of one party or group of parties having similar interests.

Pa.R.Civ.P. 216(B).

To determine whether a trial court abused its discretion by denying a request for a continuance, the reviewing court should consider the following factors: "whether there was prejudice to the opposing party by a delay, whether opposing counsel was willing to continue the case, the length of the delay requested and the complexities involved in presenting the case." *Snyder v. Port Auth. of Allegheny County*, 259 Pa.Super. 448, 453, 393 A.2d 911, 914 (1978) (citing *Nerkowski v. Yellow Cab Co.*, 436 Pa. 306, 259 A.2d 171 (1969)).

Appellants cite several cases to support their contention that a continuance should have been granted, and that it was an abuse of discretion to deny the request, thereby resulting in the grant of a nonsuit against them. Each of these cases is distinguishable from the instant case. *Dublin Sportswear v. Charlett*, 485 Pa. 633, 403 A.2d 568 (1979) (request for one day continuance); *Budget Laundry Co. v. Munter*, 450 Pa. 13, 298

A.2d 55 (1972) (request for three to four day continuance); *Nerkowski v. Yellow Cab Co.*, 436 Pa. 306, 259 A.2d 171 (1969) (grant of one week continuance); *Krupa by Krupa v. Williams*, 316 Pa.Super. 408, 463 A.2d 429 (1983) (request for two to three day continuance); *Mazzenga v. Dorfman*, 272 Pa.Super. 379, 415 A.2d 1248 (1979) (request of one-half day continuance).

We find *Snyder v. Port Auth. of Allegheny County*, 259 Pa.Super. 448, 393 A.2d 911 (1978), to be persuasive and directly on point. In that case, the plaintiff discharged her attorney and retained substitute counsel three days before trial was scheduled to begin. *Id.* at 450, 393 A.2d at 912. At the call of the list, new counsel requested a continuance for additional time to prepare. *Id.* The court granted a seven day continuance. *Id.* At the next call of the list, counsel again reported that it was not ready for trial.[3] *Id.* The court, nonetheless, ordered the case to trial. *Id.* Five days later, on the day of the trial, the plaintiff and new counsel failed to appear. *Id.* Defendants moved for a nonsuit, which the court granted. *Id.* at 450, 393 A.2d at 912–13. The trial court refused to remove the nonsuit, and plaintiffs appealed to this court. *Id.* at 450, 393 A.2d at 913. The Court, upon reviewing the facts before the lower court, held that there was no abuse of discretion. *Id.* at 452, 393 A.2d at 913. The Court stated, "we do not feel it so unreasonable for the lower court to have granted only a one week continuance in this case based on the grounds of inadequate preparation due to change in counsel. Changing counsel only three days before the case was listed for trial is a risk the appellant must bear, and not the courts." *Id.* Furthermore, the Court noted that the appellant did not have an absolute right to counsel of choice; that appellant took her chances in changing counsel three days before trial; and that since there is no evidence of malpractice on the part of her attorney, her right to counsel was not infringed. *Id.* at 455, 393 A.2d at 915.

**3.** Continuance of the case at this juncture would have resulted in a delay of six months.

Similarly, in this case, Appellants discharged their attorney virtually on the eve of trial. There were no allegations that attorney Smith was not competent. In fact, Appellant Mrs. Papalia stated that she felt that attorney Smith was competent, but that she simply wanted an environmental attorney. (N.T. June 24, 1994, at 17.) Furthermore, the court noted in its Order dated September 22, 1994, that attorney Smith maintained a legal file which was well prepared, well documented and well organized.

We also note that the case does not appear to be particularly complex, as it simply requires Appellants to show that there was heating oil in the ground at the property in issue, and that Appellees knowingly failed to inform them of it. Appellants were seeking a lengthy delay of five months, after having previously received a continuance of four months to secure substitute counsel to try their case. Appellees all opposed any additional delay and emphasized that they were prepared to proceed to trial and their witnesses were available to testify both in June and October. They asserted that any further delay would prejudice their defense.

Based on the facts presented, we find that Appellants have failed to present any evidence suggesting that the circumstances surrounding this case are so special as to warrant the granting of a second continuance; therefore, we cannot find that the trial court abused its discretion by denying Appellants' request for a continuance, granting a nonsuit against them, and refusing to remove the nonsuit.

Accordingly, for the foregoing reasons, we hereby affirm the Order of the trial court.