**Rostock v. Breidenstein**

C.P. of Delaware County, no. 93-3613.

*Joseph R. Viola* and *Neil E. Jokelson,* for plaintiff.
*A. Charles Peruto* and *Patrick J. Gibbons,* for defendants.

BRADLEY, *J.,* December 7, 1999—Plaintiff appeals from the order denying his motion for post-trial relief to remove a nonsuit.

This tort action between plaintiff, Nicholas Rostock, and defendant, Joseph Breidenstein, involves a confrontation on a sidewalk adjacent to defendant, Hills Quality Seafood Market. This confrontation led to plaintiff being pushed through a glass door at the entrance to Hills and sustaining physical injuries. Trial in this matter was notoriously difficult to schedule for a variety of reasons including trial counsels' scheduling conflicts, changes of counsel and a declaratory judgment action pending in

the Eastern District of Pennsylvania, docket no. 95-1076, in which Breidenstein requested indemnity and coverage for this incident from his homeowner's insurance carrier, Continental Casualty Company. After carrying this case from trial list to succeeding trial list, by letter dated June 10, 1997 all parties were advised that the date certain for this case was September 2, 1997. The letter also indicated that if counsel who had entered their appearance could not appear on September 2, 1997, they were obligated to have other counsel appear and go forward. No counsel notified the court that they had any prior trial attachments for that date in September 1997.

The week prior to the date certain, counsel were called and told which courtroom to report to on September 2, 1997. Upon notification, plaintiff's counsel informed the court that he was previously attached for a jury trial in Philadelphia which would conflict with the September 2 trial date of the instant matter. It was precisely to avoid conflicts of this nature that the court's June 10, 1997 directive obligated counsel to have an attorney prepared to try this matter even if he or she was not the attorney who had entered his appearance in the case. All counsel were informed that the trial would go ahead as planned on September 2, 1997.

On that date, Joseph R. Viola, Esquire, substitute counsel for plaintiff's counsel of record, Neil E. Jokelson, Esquire, appeared and indicated he could not go forward. He sought a continuance on the basis that Jokelson was on trial in Philadelphia County. Defendant objected to any continuance and moved for a nonsuit pursuant to Pa.R.C.P. 218(a). The motion for nonsuit was granted in open court. (N.T. 9-2-97, p. 4.)

Thereafter, plaintiff filed a motion for reconsideration of the order granting a nonsuit. This motion was denied on November 20, 1997. Plaintiff appealed from the denial of this motion. This appeal was quashed on the basis that an order denying reconsideration is not subject to review on appeal. *Rostock v. Breidenstein,* no. 4924 Philadelphia, 1997, filed April 8, 1998 (per curiam).

This matter lay dormant until the summer of 1999 when plaintiff filed a praecipe to enter nonsuit on the docket. On August 18, 1999, the notes of testimony from September 2, 1997 (the date nonsuit was entered in open court) were docketed and the entry of nonsuit was noted on the docket. Promptly thereafter, plaintiff filed a motion for post-trial relief to remove the nonsuit. This motion was denied by order dated September 30, 1999. It is from this order that plaintiff appeals.

Plaintiff alleges that it was an abuse of discretion and/ or error of law to refuse to grant plaintiff a continuance on September 2, 1997 and grant defendant's motion for nonsuit. When the surrounding circumstances are considered, however, the court remains convinced that the only appropriate course of action was to grant defendant's motion for nonsuit. See *Papalia v. Montour Auto Service Co.,* 452 Pa. Super. 395, 400, 682 A.2d 343, 345 (1996).

This matter had been in litigation for four years. It had been continued time and again to accommodate counsels' schedules and to await the outcome and potentially preclusive effect of a declaratory judgment action in federal court. Once again to accommodate trial counsel, this case was assigned a date certain on September 2, 1997. Counsel were given 90 days written notice of this at-

tachment. Furthermore, counsel were instructed that if they were not available to try the case on that date, they were obligated to obtain substitute counsel who would. As late as the week prior to September 2, 1997, the court had not heard from any counsel regarding potential trial conflicts. Only in response to a call from the court did plaintiff's counsel inform the court he was subject to a prior attachment. It is inconceivable to the court that plaintiff's counsel had no prior notice of this other attachment. At all times, plaintiff's counsel was instructed that the case would proceed as planned on September 2, 1997. Indeed, plaintiff had substitute counsel, Stephen Levin, Esquire, present on that day who acknowledged his inability to proceed to trial and sought a continuance. Defendant objected to any further continuance in this protracted litigation. Relying on the letter dated June 10, 1997, defendant's motion for nonsuit was granted.

It is difficult to imagine a set of circumstances where a nonsuit would be more warranted than those presented in the instant case. The case was old by Delaware County standards, it had been continued several times, a date certain was set months in advance and counsel were explicitly told they were expected to try the case that date or have substitute counsel prepared to do so. This was not complex multi-party litigation; it involved a simple allegation of an alleged intentional tort. While the court is sympathetic to the pressures faced by trial counsel in having competing demands on their presence in court, this was not a situation where arbitrarily a case was called to trial unexpectedly. The parties had more than sufficient notice of a date certain, which date was arrived at after months of attempting to call the case to trial.

Not only is the court required to control its docket of cases, but the other party to the litigation has a right to have the matter decided within a reasonable time frame. On September 2, 1997, defendant objected to any further continuance in this matter because he was prepared at that time to defend the litigation. To allow a further continuance certainly would have prejudiced defendant.

Accordingly, plaintiff's motion for post-trial relief was denied because we found that plaintiff failed to present any evidence suggesting the court abused its discretion or committed an error of law by refusing to remove the nonsuit entered when plaintiff was not prepared to go forward at trial.