## McCarthy v. SEPTA

*Robert St. L. Goggin III,* for plaintiff.
*James F. Kilcur,* for defendant.

FIELD, *J.,* April 14, 2000—Plaintiff, Jonann Mc-Carthy, appeals from this court's order of January 28, 2000, denying her post-trial motion. For the reasons which follow, the post-trial motion was properly denied, and the judgment entered in favor of the defendant, Southeastern Pennsylvania Transportation Authority, should be affirmed.

This suit arises out of injuries sustained by plaintiff on June 19, 1996, while she was working as a foreman for SEPTA. She and her work crew were to unload railroad ties at the work site. Normally such a task would be performed with more workers and different equipment than was available on site at that time. Rather than wait for more workers and equipment, plaintiff decided to perform the work manually. While moving the lumber, a piece of timber swung back at the plaintiff, causing injury to her back. After six days of trial, the jury returned a verdict in favor of SEPTA, finding that SEPTA was not negligent.

Prior to trial, defendant had filed a motion in limine to preclude the admission of statements of three SEPTA employees which were obtained ex parte by plaintiff's counsel, without prior notice to SEPTA's counsel. On May 17, 1999, the motion was granted, and the statements were precluded, and Mr. Keller, plaintiff's lead counsel, was instructed that any further ex parte contacts were prohibited. The following day it was revealed that, despite the instructions of the previous day, the three witnesses were waiting in Mr. Keller's office, and had

been provided with lunch as well. Consequently, Mr. Keller was disqualified as counsel. However, in the interest of allowing the matter to proceed, the court allowed Mr. Keller's associate, Mr. Goggin, to proceed to trial, as he clearly had familiarity with the case and would be able to try this matter ably.

Plaintiff raised several grounds for relief in her post-trial motion. The majority pertain to the disqualification of Mr. Keller. First, whether what he did was improper; and second, whether the court could properly impose such sanctions. The remainder of plaintiff's arguments concern jury instructions. These will be discussed in turn.

· The basis of defendant's motion in limine was Rule 4.2 of the Rules of Professional Conduct, which provides:

*"Rule 4.2 Communication with person represented by counsel*

"In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."

The official comment explains that in the case of an organization, this rule prohibits communications by a lawyer for one party with persons having managerial responsibility on behalf of the organization, and "with any other person whose act or omission . . . may be imputed to the organization . . . or *whose statement may constitute an admission on the part of the organization.*" (emphasis added) When read in conjunction with Rule 803(25) of the Pennsylvania Rules of Evidence, the contact was clearly improper. Rule 803(25) provides that a statement may be admissible as an admission by a party-opponent when, inter alia, it is a statement by the party's agent or servant concerning a matter within the scope of

the agency or employment. Pa.R.E. 803(25)(D). Hence, this court rejects the plaintiff's argument that Rule 4.2 does not apply.

Plaintiff's next argument is that even if 4.2 does apply, it is preempted by section 60 of the Federal Employer's Liability Act, 45 U.S.C. §51 et seq. This section states that any rule or regulation which prohibits the employees of a common carrier from voluntarily giving information shall be void. However, contrary to plaintiff's interpretation, Rule 4.2 does not prohibit her attorneys from obtaining statements from other SEPTA employees, it merely prescribes the proper procedures for obtaining such information. Hence, 45 U.S.C. §60 does not preempt Rule 4.2 of the Pennsylvania Rules of Professional Conduct. *Belote v. Maritrans Operating Partners L.P.,* 1998 A.M.C. 1781, 1998 WL 136523 (E.D. Pa. 1998).

Having determined that counsel's actions were improper, we turn to the issue of sanctions. It is well established that a trial court has the power to regulate the conduct of attorneys practicing before it. *American Dredging Co. v. City of Philadelphia,* 480 Pa. 177, 183, 389 A.2d 568, 571 (1978). Where a breach of ethics occurs, the court may grant a motion to disqualify and remove the offending attorney. *Id.,* 480 Pa. at 184, 389 A.2d at 572. In deciding whether to disqualify counsel, a court must balance a client's right to choose with the opposing party's right to prepare and try a case without prejudice. *Belote, supra.* A client's right to choice of counsel in a civil case is not absolute. *Papalia v. Montour Auto Service Co.,* 452 Pa. Super. 395, 682 A.2d 343 (1996).

At oral argument on the post-trial motion, Mr. Goggin advanced the argument that if Mr. Keller was properly disqualified, then his entire firm, including Mr. Goggin,

should have also been disqualified, and that a mistrial would then have been appropriate. The general rule governing imputed disqualification is set forth in Rule 1.10 of the Pennsylvania Rules of Professional Conduct, which prohibits all the lawyers of a firm from representing a client whom any one of the lawyers would be prohibited from representing under Rules 1.7, 1.8(c), 1.9 or 2.2. Rule 1.10 refers to situations where a lawyer is disqualified due to a conflict of interest. By its terms, Rule 1.10 does not apply to a disqualification imposed as a sanction for a particular lawyer's behavior.

Here, it was Mr. Keller's personal actions, and his continued actions contrary to the court's stated position, that warranted his removal. Mr. Goggin, despite his protestations, was not unfamiliar with the case. He had been acting as co-counsel and knew the case well. He tried the case with expertise and has been unable to cite any specific failure on his part which could have prejudiced the plaintiff. Furthermore, the plaintiff herself did not object at trial to proceeding with Mr. Goggin in Mr. Keller's stead. As noted above, a party in a civil action does not have an absolute right to counsel of choice. Where, as here, there is no evidence of malpractice on the part of her attorney, plaintiff's right to counsel was not infringed. *Papalia,* 452 Pa. Super. at 401, 882 A.2d at 346.

Finally, plaintiff asserts that the court erred in its instructions to the jury and that she is therefore entitled to a new trial. This argument is without merit. The standard of review for jury instructions is whether the trial court committed clear abuse of discretion or error of law controlling the outcome of the case. *Stewart v. Motts,* 539 Pa. 596, 654 A.2d 535 (1995). A new trial is not warranted on the ground of inadequacy of the charge

unless there is a prejudicial omission of something basic or fundamental. *Id.; Boutte v. Seitchik,* 719 A.2d 319 (Pa. Super. 1998). In assessing the adequacy of a jury charge, an appellate court must review the trial court's jury instructions in their entirety. *Wilson v. Anderson,* 420 Pa. 169, 173, 616 A.2d 34, 36 (1992). The charge will be found adequate unless the issues are not made clear to the jury, or the judge's instructions palpably misled the jury, or there is an omission in the charge which amounts to fundamental error. *Stewart, supra.*

The instruction at issue was the proper standard for imposing liability upon SEPTA upon a finding of negligence. While ordinarily a party's negligence must be found to have been a "substantial factor" in causing plaintiff's harm, in a case under FELA, liability is imposed on a railroad for injury resulting from any level of negligence. 45 U.S.C. §51. In its instructions to the jury, the court referred both to "factor" and "substantial factor" in describing plaintiff's burden of proof. However, later in the charge, the correct FELA instruction was given, and the jury was told that the plaintiff could recover if "SEPTA's negligence played any part, even the slightest," in bringing about plaintiff's injuries. N.T. 5/24/99 at 126. Additionally, after the charge, plaintiff's counsel pointed out the discrepancy and requested that the jury questionnaire be amended to reflect the correct standard. N.T. 5/24/99 at 142-45. The request was granted. The verdict sheet read as follows:

"Question 1: Was SEPTA negligent?

"(If your answer to question 1 is 'yes,' proceed to question 2. If your answer to question 1 is 'no,' return to the courtroom.)

"Question 2: Was SEPTA's negligence in whole or in part a factor in causing plaintiff's injuries?"

When viewing the charge as a whole, taking into consideration the entire charge as well as the interrogatories submitted to the jury, it is clear that the jury was instructed properly as to the applicable standard as to causation.

Assuming arguendo that an error had occurred, it would have been harmless because the jury never reached the causation issue. In response to the first question, the jury found that SEPTA had not been negligent. Hence, their inquiry ceased at that point.

For all of the foregoing reasons, the plaintiff's post-trial motion was properly denied. Judgment as entered on February 3, 2000 in favor of defendant, SEPTA, should be affirmed.