J-S59016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| M.G. | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| K.L.T. | : | | |
| | : | | |
| Appellant | : | No. 681 EDA 2017 | |

Appeal from the Order Entered January 5, 2017
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2016-25567

BEFORE: BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                                          **FILED OCTOBER 13, 2017**

     K.L.T. (Father) appeals *pro se* from the order entered January 5, 2017, in the Court of Common Pleas of Montgomery County, that granted the petition filed by M.G. (Mother) to change the last name of A.D.T., the parties' three-year-old child (Child), to A.D.G., her surname.[1,2] K.L.T. contends the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] We have changed the parties' names to initials to protect the privacy of minor child.

[2] The notice of appeal was filed by K.L.T., who is incarcerated, on February 15, 2017. Pa.R.A.P. 903(a) clearly states that the notice of appeal shall be filed within 30 days after the entry of the order. Pa.R.A.P. 105(b) states that this court may not enlarge the time for filing a notice of appeal.

trial court abused its discretion in (1) denying K.L.T.'s motion for continuance to more properly prepare his defense since he was proceeding *pro se*, and (2) failing to take into consideration the best interest of Child when changing Child's surname could further alienate the parental bond between them.  See K.L.T.'s Brief at 4.  Based upon the following, we affirm.

The trial court summarized the procedural history and facts of this case as follows:

> On October, 24, 2016, [M.G.] filed a Petition to change the last name of her three year old child, [A.D.T.] to [A.D.G.]  [T.] is the last name of [K.L.T.].  A hearing on this Petition was held on

_____

However, the trial court docket indicates a notice of appeal was timely filed on January 27, 2017, but was erroneously rejected by the Montgomery County Prothonotary for failure to include docket entries, use proper forms, and attach a certificate of service.  **See M.G. v. L.D.**, 155 A.3d 1083, 1090 n.12 (Pa. Super. 2017) (trial court prothonotary lacks authority to reject, as defective, timely notice of appeal), *appeal denied*, ___ A.3d ___ [2017 Pa. LEXIS 1066] (Pa. 2017); **Commonwealth v. Williams**, 106 A.3d 583, 588-589 (Pa. 2014) (clerk of courts "is obligated to accept and process notices of appeal upon receipt in accordance with the Rules of Appellate Procedure, notwithstanding any perceived defects therein").

Moreover, because K.L.T. is incarcerated, the prisoner mailbox rule, under which a prisoner is deemed to have filed the notice of appeal on the date he presented it to prison authorities for mailing, applies to him in this civil matter.  **See M.G. v. L.D., supra**, 155 A.3d at 1090 n.12, *citing* **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) and **Thomas v. Elash**, 781 A.2d 170, 176 (Pa. Super. 2001).

Here, because the initial notice of appeal was received by the Montgomery County Prothonotary on January 27, 2017, within the 30-day appeal period, it is evident that K.L.T. presented the notice of appeal to prison authorities during the appeal period.  Furthermore, the initial appeal should have been processed by the Montgomery County Prothonotary.  Therefore, the appeal was timely filed.

January 5, 2017. Both [M.G.] and [K.L.T.][1] testified at this hearing.

> [1] [K.L.T.] testified via video conferencing from SCI Laurel Highlands, where he is currently incarcerated.

[M.G] and [K.L.T.] are the biological parents of [Child]. The parents were once married to each other, but were divorced on September 27, 2016. [M.G.] resumed the use of her maiden name, [G.], shortly after her divorce. [M.G.] has sole legal and physical custody of [Child].

[M.G.] testified that a major reason she is requesting the name change is that [Child] has a very close relationship with her family, and that her family is a strong and loving influence in his life. [K.L.T.] is incarcerated, and has not seen his son since the child was six months of age.[2]

> [2] [K.L.T.] testified he last saw [Child] when [Child] was nine months old.

After the parent[s'] separation, [K.L.T.] was allowed to see [Child] only at the police station. In September of 2015, when [M.G.] took [Child] for a visitation, [K.L.T.] was charged with attacking [M.G.] at the police station. [K.L.T.] also testified that he pled guilty to aggravated assault, which he described as "stalking [M.G.'s] lawyer and smacking around two police officers from Montgomery County." [K.L.T.] has been incarcerated since that time, and neither he nor his family has had any contact since his incarceration.[3]

Trial Court Opinion, 3/30/2017, at 1–2 (record citations omitted).

---

[3] At the time of the January 5, 2017, hearing, K.L.T. and had been incarcerated for two years and one month on his sentence of one-to-five years' imprisonment. **See** N.T., 1/5/2017, at 3, 25.

- 3 -

Following the hearing, the trial court entered an order on January 5, 2017, changing Child's name to [A.D.G.]. This appeal followed.[4]

K.L.T. first claims that the trial court abused its discretion in denying his motion for continuance when he requested more time to properly prepare his defense since he was proceeding *pro se.*

Our standard of review is well settled:

> The trial court is vested with broad discretion in the determination of whether a request for a continuance should be granted, and an appellate court should not disturb such a decision unless an abuse of that discretion is apparent. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the results of partiality, prejudice, bias or ill-will.

**Baysmore v. Brownstein,** 771 A.2d 54, 57 (Pa. Super. 2001) (citations omitted). In determining whether a trial court's denial of a motion to continue was tantamount to an abuse of discretion we consider: "whether there was prejudice to the opposing party by a delay, whether opposing counsel was willing to continue the case, the length of the delay requested and the complexities involved in presenting the case." **Papalia v. Montour Auto Serv. Co.**, 682 A.2d 343, 345 (Pa. Super. 1996).

The record shows M.G. filed this petition for name change on October 24, 2016. On October 26, 2016, counsel for M.G. sent K.L.T., by certified

_____

[4] The trial court did not order K.L.T. to file a Pa.R.A.P. 1925(b) concise statement.

mail/return receipt requested, a time-stamped copy of the petition and a notice of hearing scheduled for December 14, 2016. A subsequent notice of hearing was issued, changing the date of the hearing to January 4, 2017. On November 15, 2017, counsel for M.G. sent a notice of the rescheduled January 4, 2017, hearing to K.L.T. by certified mail/return receipt requested.

On November 28, 2016, K.L.T. filed a request for a 90-day continuance, asserting he was incarcerated and proceeding *pro se*, would have limited access to the prison library, and wished to more fully research the matter. M.G. opposed the motion for continuance, asserting (1) that K.L.T. had notice of M.G.'s petition to change the name of Child since October 31, 2016, the date reflected on the certified mail return receipt, (2) that granting the continuance would require her to incur the cost of publishing new notices of the hearing in two newspapers, as required by statute,[5] and (3) that a 90-day continuance would result in a hearing being held more than three months beyond the filing date of the petition in contravention of 54 Pa.C.S. § 701(a.1)(3)(i).[6]

By order entered December 16, 2016, the trial court denied K.L.T.'s motion for continuance. Thereafter, the hearing was rescheduled for January 5, 2017, and took place on that date.

---

[5] **See** 54 Pa.C.S. § 701(a.1)(3)(ii).

[6] Section 701(a.1)(3)(i) provides: "The hearing shall be held not less than one month nor more than three months after the petition is filed."

K.L.T. argues the ability of the court to grant his continuance on a "special ground" is well within the discretion of the court. K.L.T.'s Brief at 7, *citing* Pa.R.C.P. 216(A)(4) (providing grounds for continuance include "Such special ground as may be allowed in the discretion of the court."). In making this argument, K.L.T. cites **Commonwealth v. Ross**, 350 A.2d 836 (Pa. 1976). Based on our review, we find no abuse of discretion on the part of the trial court.

Here, a continuance would cause prejudice to M.G. by requiring her to pay the costs of republishing a new hearing date in two newspapers. Moreover, K.L.T. had 44 days from November 21, 2016, when he was served with the notice of the January 4, 2017, hearing, to January 5, 2017, when the court held the hearing; and he had 65 days, counting from October 31, 2016, when he was served with the petition and notice of the originally scheduled December 14, 2016, hearing. **Ross, supra**, is distinguishable. In **Ross,** prospective counsel for the defendant had a day or less to prepare for trial, and there was no evidence of bad faith by the defendant. Under such circumstances, the trial court's denial of a continuance was held to be an abuse of discretion. **Id.**, 350 A.2d at 840. Here, however, in light of the factors set out in **Papalia, supra**, and the record in this case, we conclude K.L.T.'s first claim warrants no relief.

In the second issue, K.L.T. contends the trial court erred in granting the name change petition. K.L.T. argues the trial court abused its discretion in

failing to take into consideration the best interest of the child, when changing the surname could further alienate the parental bond between them.

K.L.T. claims the trial court "only took into consideration the views of [M.G.] and the already strong bond the child has with [M.G.] and [M.G.'s] family." K.L.T.'s Brief at 8 (footnote omitted). K.L.T. argues prior to his incarceration, there was a custody agreement in place and he was an active figure in child's life, and he was the primary caregiver when the parties were still married. *Id.* at 10 (footnote omitted). K.L.T. asserts he and son had created a bond that continues even though he is now incarcerated, and during his incarceration he maintains contact with Child through regular correspondence. *Id.* Father maintains the trial court's decision to grant the petition further alienates and stresses the relationship that has been created by father and son. *Id.*

> The principles that guide our review are well settled:

> Our standard of review involving a petition for change of name, regardless of the age of the petitioner, is whether there was an abuse of discretion. An abuse of discretion exists if the trial court has overridden or misapplied the law, or if the evidence is insufficient to sustain the order. Further, resolution of factual issues is for the trial court, and a reviewing court will not disturb the trial court's findings if those findings are supported by competent evidence. It is not enough for reversal that we, if sitting as a trial court, may have made a differing finding or reached a different result.

*T.W. v. D.A.,* 127 A.3d 826, 827 (Pa. Super. 2015) (internal citations omitted).

When considering a petition to change the name of a minor child, the best interest of the child should be the standard by which a trial court exercises its discretion. *Id.* This Court has further held:

the party petitioning for the minor child's change of name has the burden of coming forward with evidence that the name change requested would be in the child's best interest, and that where a petition to change a child's name is contested, the court must carefully evaluate all of the relevant factual circumstances to determine if the petitioning parent has established that the change is in the child's best interest.

*In re C.R.C.*, 2003 PA Super 91, 819 A.2d 558, 560 (Pa. Super. 2003).

*In re Change of Name of E.M.L.*, 19 A.3d 1068, 1069 (Pa. Super. 2011).

Here, the trial court explained its decision, stating:

In ruling on a petition to change a child's name, general considerations should include the natural bonds between parent and child, the social stigma or respect afforded a particular name within the community, and, where the child is of sufficient age, whether the child intellectually and rationally understands the significance of changing his or her name. *See In Re Name Change of Zachary Thomas Andrew Grimes,* 530 Pa. 388, 393 609 A2d 158, 161 (1992). These considerations, in particular the first consideration, favor changing [Child's] name. [M.G.] and [K.L.T.] both testified that [K.L.T.] has had no contact with his three year old child for over two years. While it is true that [K.L.T.] is unable to see his child due to his incarceration, this resulted from his own violent conduct. [Child] was, at the most, nine months of age when he last saw [K.L.T.] and it is likely that [Child] has no memory of his father. The name change granted allows [Child] to have the name of the parent with whom he lives, and the only parent he knows. Thus, it is this court's opinion that it is in [Child's] best interest that his name be changed to [G.]

Trial Court Opinion, 3/30/2017, at 3

We are bound by the trial court's credibility findings that are supported

by the record. *See In re C.R.C., supra*, 819 A.3d at 562. Here, the trial

court concluded M.G. met her burden to show that a name change was in Child's best interest where K.L.T. has had no contact with Child since he was six months old and Child has a different last name than his mother and her family members with whom there is a close relationship. Based on our examination of the record, including the transcript of the hearing, and applying our narrow standard of review, we discern no abuse of discretion by the trial court.

Accordingly, we affirm.

Order affirmed.

President Judge Emeritus Bender joins in this memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>10/13/2017</u>