J-S39013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.F.O. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| A.L.O., III | |
| Appellant | No. 212 MDA 2018 |

Appeal from the Order entered January 17, 2018
In the Court of Common Pleas of Berks County
Civil Division at No: 17-16955

BEFORE:  STABILE, MURRAY and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED JULY 16, 2018**

Appellant, A.L.O., III ("Father"), appeals from an order dated January 17, 2018 denying his motion for reconsideration and affirming a Protection From Abuse[1] ("PFA") order dated September 6, 2017.  Father argues that the trial court abused its discretion by entering the PFA order on September 6, 2017 instead of granting Father's counsel's motion for a brief continuance. We conclude that the trial court abused its discretion under these circumstances, and we vacate the PFA order and remand for further proceedings.

Appellee, M.F.O. ("Mother") and Father are in the process of divorcing and are the natural parents of several minor children.  On August 30, 2017,

---

[1] The Protection From Abuse Act is codified at 23 Pa.C.S.A. §§ 6101-6122.

Mother filed a PFA petition against Father. Mother alleged that there was a one-year PFA order against Father that was expiring on that date, but that Father had threatened Mother and their children during the one-year period. Father, Mother continued, is a former marine and prison guard who suffers from post-traumatic stress disorder. Mother accused Father of removing the battery from her car so that she could not escape him and turning off the water and electricity to their home during the one-year PFA period. She also alleged that their children were frightened of him. On August 30, 2017, Mother wrote, Father stood in front of her home yelling for the parties' children as they were exiting a school bus. Mother was not home but was with the parties' youngest child at a hospital. The children ran to a neighbor's house. Father attempted to break into what was once the marital residence, looking for the children, and demanded that the parties' ten-year-old son exit the residence. Father then tailgated Mother home while flashing his headlights at her.

On August 30, 2017, the court held an emergency *ex parte* hearing in which Mother testified. The trial court granted Mother a temporary PFA Order and scheduled a final hearing for September 6, 2017 at 9 a.m.

One day later, on August 31, 2017, Father's attorney contacted Mother's attorney and requested a continuance, but Mother's counsel refused to agree. On the same day, Father's attorney asserts, he mailed a motion for continuance to the trial court requesting a continuance because he had a pre-

planned vacation out of the country from September 4 through September 15, 2017 and could not attend court on September 6, 2017.

On September 6, 2017, the PFA hearing began at 9:56 a.m. Mother's attorney advised the court that Father's attorney contacted him and requested a continuance because he was going away for two weeks. Mother's attorney stated that he did not agree to a continuance. The court replied that it did not receive any continuance request and stated: "All right. [Father]? I hear no response. No request to the Court for a continuance, and no excuse otherwise coming to the Court, the Court will enter a final order for a period of three years." N.T., 9/6/17, at 3. The court thereupon entered a three-year final PFA order.

Just seven minutes after the hearing began, at 10:03 a.m., the prothonotary time-stamped Father's motion for continuance. Later that day, the trial court denied the motion on the ground that it was "received after the matter was addressed and the order entered." Order, 9/6/17.

On September 18, 2017, Father filed a motion for reconsideration. After several continuances, the trial court held a hearing on January 16, 2018 and denied Father's motion. Father filed a timely notice of appeal, and both Father and the trial court complied with Pa.R.A.P. 1925.

The trial court stated in its opinion:

> At the final PFA hearing, [Mother's attorney] stated on the record that he had advised Father's counsel that he opposed the continuance. N. T., 9/6/17 at 3. This Court did not even receive the Petition for Continuance until after the final hearing had been

held and Order entered. In fact, the Petition for Continuance was not even filed until after said hearing. As the Court later learned, Counsel for Father had mailed the request for continuance to the Prothonotary. For Father and his counsel to mail a request for continuance by regular first class postage, over a holiday weekend, knowing full well that the requested continuance is being contested by opposing counsel, and to trust that the request would reach the Court on time and be granted, without any follow up with the Prothonotary's office to verify that the Petition had even been received, is presumptuous, at the very least.

We are not aware of any authority which requires a hearing be held prior to entering a final PFA Order. Rather, there is only a requirement that the parties be given an opportunity for a hearing. Entering a Final PFA Order without a hearing upon a [Father]'s failure to appear is a procedure accepted and anticipated by our Appellate Courts. The statewide PFA database (PFAD) order system, developed and approved by the Pennsylvania State Supreme Court, includes a worksheet which specifically has an option in the choice menu, which option this Court chose in this case, to enter a final PFA order at the request of the plaintiff, due to [Father]'s failure to appear. That such an option is a matter of standard form speaks to the acceptance of such procedure by our courts.

Father and his counsel were less than urgent in filing and pursuing the continuance. The argument that this Court did not follow the proper procedure is without merit.

Trial Court Opinion, 3/12/18, at 3-4.

Father raises two issues in this appeal:

1. Did the trial court err in granting the [PFA] [o]rder without holding the mandatory evidentiary hearing to determine the merits of [Mother's] [p]etition?

2. Did the trial court err in granting the [PFA] Order with evidence presented to the [c]ourt that was not sufficient to justify the entry of a [f]inal [PFA] [o]rder in this matter?

Father's Brief at 3.

Father first argues that the trial court erred by denying his attorney's motion for continuance. We agree.

The PFA Act provides in relevant part:

> Within ten business days of the filing of a petition under this chapter, a hearing shall be held before the court, at which the plaintiff must prove the allegation of abuse by a preponderance of the evidence. The court shall, at the time the defendant is given notice of the hearing, advise the defendant of the right to be represented by counsel . . .

23 Pa.C.S.A. § 6107(a). Trial courts have discretion to continue evidentiary hearings regarding final PFA orders and enter appropriate temporary ex parte orders to cover the intervening time. 23 Pa.C.S.A. § 6107(c) ("[i]f a hearing under subsection (a) is continued and no temporary order is issued, the court may make *ex parte* temporary orders under subsection (b) as it deems necessary").

To determine whether a trial court abuses its discretion by denying a request for a continuance, we consider "whether there is prejudice to the opposing party by a delay, whether opposing counsel was willing to continue the case, the length of the delay requested, and the complexities involved in presenting the case." *Papalia v. Montour Auto. Serv. Co.*, 682 A.2d 343, 345 (Pa. Super. 1996). "An abuse of discretion exists where the trial court's determination overrides or misapplies the law, its judgment is manifestly unreasonable, or the result or partiality, prejudice, bias or ill-will." *Majczyk v. Oesch*, 789 A.2d 717, 720 (Pa. Super. 2001).

Given the serious allegations of abuse in Mother's petition, we can understand why the trial court found it important to hold a final PFA hearing expeditiously. We conclude, however, that the trial court placed too great a premium on speed and too little on Father's rights.

The record establishes that Mother obtained an order on August 30, 2017 granting temporary PFA protection and scheduling a final PFA hearing for September 6, 2017. Father obtained counsel, who contacted Mother's counsel on August 31, 2017 to request a continuance, but Mother's counsel declined the request.[2] Father's counsel promptly mailed a motion seeking a continuance from September 6, 2017 until after Friday, September 15, 2017 due to counsel's pre-planned vacation out of the country. As fate would have

_____

[2] We note that Mother's counsel refused to agree with Father's counsel's request for a continuance despite Father's counsel's pre-paid vacation. We see no support in the record for refusing this request. It is no excuse for Mother's counsel to say that agreeing to a continuance would have exposed Mother to physical harm. Mother already was under the protection of a temporary PFA order at the time of the request. She would have remained protected under the order throughout a continuance. We are concerned with Mother's counsel's lack of courtesy towards Father's counsel. The Pennsylvania Supreme Court in 2000 adopted The Code of Civility whose Preamble provides in part:

> The conduct of lawyers and judges should be characterized at all times by professional integrity **and personal courtesy** in the fullest sense of the terms . . . Uncivil or obstructive conduct impedes the fundamental goal of resolving disputes in a rational, peaceful and efficient manner.

[Emphasis added]. We would encourage counsel and all practitioners to take to heart what is required by this Code.

it, the motion did not arrive at the prothonotary's office until 10:03 a.m. on September 6th, only seven minutes after the PFA hearing commenced. Several hours later, the court denied the motion as untimely. Under these circumstances, Father was entitled to a continuance. To begin with, counsel's petition articulated a reasonable basis for a brief continuance: he had a pre-arranged vacation in a distant destination. Further, counsel requested this continuance in a prompt and diligent fashion. Although his motion did not arrive until minutes after the hearing began, he mailed the motion to the court fully one week earlier. The court thus erred by ruling that counsel was "less than urgent in filing and pursuing the continuance." Trial Ct. Op. at 4.

Finally, it is critical to remember that the PFA Act entitled Father to an evidentiary hearing on Mother's PFA petition in which Father has the right to counsel and Mother must prove her allegations by a preponderance of the evidence. 23 Pa.C.S.A. § 6107(a). By denying Father a continuance, the trial court effectively deprived him of his right to counsel at the PFA hearing. The prejudice to Father through deprivation of counsel outweighed any harm that Mother would have incurred from a brief continuance until after September 15th. Instead of denying the continuance and proceeding to final disposition, the court should have extended the temporary PFA order entered on August 30, 2017 to the date of the rescheduled evidentiary hearing. This would have safeguarded Mother's rights until the new hearing date without sacrificing Father's statutory rights under the PFA.

Balancing the factors articulated in **Papalia**, we conclude that the trial court abused its discretion by denying a continuance. The brief continuance requested by Father's counsel would have caused minimal inconvenience to Mother. On the other hand, the denial of this continuance caused substantial prejudice to Father: he had no opportunity to contest Mother's evidence at a formal evidentiary hearing while represented by counsel. Father's counsel mailed his motion for continuance well in advance of the hearing and cannot be responsible for any unforeseen delay in the delivery of the motion to the prothonotary or from the prothonotary to the court, if that in fact was what occurred. While we recognize that the allegations in Mother's PFA petition are serious and disturbing, we cannot condone the peremptory manner in which the court entered a final PFA order against Father. We vacate the final PFA order and remand for an evidentiary hearing on Mother's PFA petition.

In view of our disposition of this issue, we need not address Father's second argument that the evidence was insufficient to sustain a final PFA order against him.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/16/2018