J-S05037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: REM, LLC LEWIS R. GAINFORT | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: EDWARD E. DAY | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 626 WDA 2022 |

Appeal from the Order Entered April 25, 2022
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  3050 of 2021

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED: MAY 4, 2023**

Edward Day appeals *pro se* from the order appointing a receiver for REM, LLC ("REM"). Day argues that the court abused its discretion and deprived him of due process in denying his request for a continuance to obtain counsel and that, had he been represented by counsel, he would have been able to refute the evidence supporting the appointment of a receiver. We affirm.

REM is a limited liability company that owns and operates an electronic billboard in New Stanton. The billboard is on land owned by Edward and Agnita Day, and REM leases the land from them. REM also owns an adjoining parcel of property. Day owns a 75% share of REM. Lewis R. Gainfort owns the remaining 25%.

In August 2021, Gainfort filed a Verified Consent Petition for the Expedited Appointment of a Receiver. He alleged REM was insolvent due to Day's mismanagement. Gainfort also alleged that REM was delinquent in

making payments under the terms of a promissory note, and owed Gainfort $395,691.47, plus accruing interest. Gainfort requested the court appoint a receiver to preserve REM's estate.

The court held a status conference in November 2021, after which it ordered Gainfort to file a petition for a rule to show cause and ordered Day to file a responsive pleading. The court also scheduled a hearing in January 2022. Gainfort accordingly filed the petition for a rule to show cause, as well as a brief in support. Day did not file a responsive pleading. The court continued the hearing on the petition to March 28, 2022, at Day's request.

At the hearing, Day appeared without counsel. Day stated his attorney was unable to attend the hearing due to an emergency, and the following exchange occurred:

> Mr. Day: I would like to let the Court know at this time my attorney is unavailable to come this morning. He had an emergency situation.
>
> The Court: Who is your attorney?
>
> Mr. Day: Attorney Brian Aston from Aston Law Group.
>
> The Court: I just saw Brian Aston walking down Main Street right here.
>
> Mr. Day: He had an emergency in Latrobe.
>
> . . .
>
> The Court: Go back and see, [court staff], if he entered his appearance.
>
> Mr. Day: He was tied up.
>
> The Court: We are going to see if he entered his appearance because if he didn't enter his appearance, we are proceeding today.

Mr. Day: He was tied up with a homicide trial last week.

The Court: I understand that.

Mr. Day: And a felony the week before.

The Court: But if he didn't enter his appearance, we are proceeding today.

Mr. Day: Then, I would ask for a recess to go to his office because I can't do it. I am not allowed to represent the company –

The Court: Your motion is denied.

. . .

The Court: I am not delaying this. I am not waylaying it. I am not putting it off any further. This case is from 2021 and it should have been in the court already. . . . You knew this hearing was coming for months.

. . .

Mr. Day: Well, I am not prepared to proceed without my attorney.

The Court: That's fine. You can leave and we can do it in absentia then, sir, because I'm ordering you to proceed in this case if he failed to enter his appearance.

. . .

The Court: . . . [T]he Court has confirmed that Mr. Aston has not entered his appearance in regard to this case nor has he notified the Prothonotary's Office nor is he scanned in . . . to be established as your attorney. Mr. Aston was further contacted by myself by telephone and he indicated although he has represented your interest in the past, he does not usually represent any civil litigation or receivership-type cases; therefore, he had no knowledge of this. Mr. Day, he said you never talked to him ever about this particular case, so, therefore, we are going to proceed.

N.T., 3/28/22, at 4-8.

- 3 -

The court proceeded to hear evidence. Gainfort and Day both testified, as did Jeffrey Anzovino, REM's accountant. Following the hearing, the court appointed George Butler, Esquire, to serve as receiver.

Day appealed. He raises the following questions:

1. Whether the Court abused [its] discretion by denying [Day]'s request for a continuance?

2. Whether the court abused its discretion in granting the Appellee's Petition for Appointment of a Receivership?

3. The remainder of the issues are all interlocked: the court forcing [Day] to represent the corporate interests; the court needing to recuse because of his conflict of interest; and the court permitting the petitioner to commit perjury[.]

Day's Br. at 3 (reordered).

Day's overarching issue is that the court abused its discretion and deprived him of due process in denying his request for a continuance to obtain counsel. He argues that before the hearing, he contacted numerous lawyers, but was unable to find representation. He claims he informed the court of this at the hearing and informed the court that he had an appointment scheduled with an attorney who had promised to help him find representation for this case. Day argues that without counsel, he was unable to successfully oppose the petition, due to his ignorance of the rules related to court procedure and the introduction of evidence. He asserts that a continuance would not have caused Gainfort any prejudice.

"Appellate review of a trial court's continuance decision is deferential." *Commonwealth v. Brooks*, 104 A.3d 466, 469 (Pa. 2014). We will only

reverse the denial of a continuance upon a showing that the trial court abused its discretion. The abuse-of-discretion standard requires a showing that the court exercised manifestly unreasonable judgment, overrode or misapplied the law, or acted out of partiality, prejudice, bias, or ill-will. *Id.*

A reviewing court should consider the following factors to determine whether a court abused its discretion in denying a continuance request: (1) "whether there was prejudice to the opposing party by a delay," (2) "whether opposing counsel was willing to continue the case," and (3) "the length of the delay requested and the complexities involved in presenting the case." *Papalia v. Montour Auto Serv. Co.*, 682 A.2d 343, 345 (Pa.Super. 1996). A trial court may also "demand a showing of diligence" before granting a request for a continuance. *Baysmore v. Brownstein*, 771 A.2d 54, 57 (Pa.Super. 2001). Parties "should not be permitted to unreasonably clog the machinery of justice or hamper and delay the effort to administer justice effectively," even when a continuance request is purportedly to clarify the status of counsel. *Brooks*, 104 A.3d at 475 (internal quotation marks and citation omitted).

In its Rule 1925(a) opinion, the court explained that it denied Day's continuance request because it had already granted Day's previous request, seven months had elapsed since the filing of the petition, and Gainfort opposed the continuance. The court additionally observed that the attorney Day had claimed was his counsel had told the court that he would not be entering his appearance in this case. The court concluded, "Because this is a

- 5 -

very straightforward matter, and because Mr. Day did not provide a timeline for obtaining an attorney despite more than adequate notice of the hearing, the court in its discretion did not find that an additional continuance would be appropriate." Trial Court Opinion, 7/15/22, at 4.

The court did not abuse its discretion. The transcript of the hearing belies Day's assertions that he acknowledged to the court that he was unrepresented, he had vigorously attempted to obtain counsel, and he had an upcoming meeting with an attorney who had promised to help him find representation. Rather, Day misinformed the court regarding the status of his representation, despite having had seven months to secure counsel. Furthermore, this was Day's second continuance request. On this record, the court's decision to move forward with the hearing was not manifestly unreasonable.

Nor did the court's decision to proceed without counsel deny Day due process. Procedural due process rights include "adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *Commonwealth v. Turner*, 80 A.3d 754, 764 (Pa. 2013). Day had adequate notice of the allegations and the date of the hearing, testified at the hearing, cross-examined the opposing witnesses, and made argument. Day has not alleged that he had a right to counsel in this case. His due process rights were not offended.

In his second issue, Day asserts that because he was not represented by counsel, he was unable to present evidence to resolve the "significant confusion" the court found related to REM's recordkeeping and financial accounting. Day's Br. at 8 (quoting Trial Ct. Op. at 2). He claims the court therefore did not have enough information to support the appointment of a receiver, and its doing so was an abuse of discretion.

The decision to appoint a receiver is within the sound discretion of the trial court. **Abrams v. Uchitel**, 806 A.2d 1, 8 (Pa.Super. 2002). A court must exercise this equitable power reluctantly and sparingly. **Hankin v. Hankin**, 493 A.2d 675, 677 (Pa. 1985). It may appoint a receiver to prevent waste, dissipation of assets, fraud, or mismanagement. **Id.** "Where substantial evidence supports findings that indicate that a receiver is necessary to preserve the property and the rights of all the parties concerned . . . the [court's] exercise of discretion must be affirmed." **Id.** at 678.

In its Rule 1925(a) opinion, the court explained its findings as follows.

> Mr. Gainfort has clearly met his burden of showing waste and mismanagement of REM's assets by Mr. Day. Mr. Gainfort himself as a creditor is owed approximately $398,000, and he has only recouped $50,000 of his initial investment. The company's former accounting firm and the electric supplier are also owed money. There appears to be significant confusion regarding the current financial situation of REM, LLC. The company bank account at First Commonwealth Bank is presently frozen owing to an alleged altercation between bank personnel and Mr. Day. No additional ad[vertising] business has been acquired by Mr. Day in the last five years. Mr. Gainfort and Mr. Day have attempted to reach an amical resolution for sale of the billboard and dissolution of the business, but they have not been successful.

> Looking to the business of REM, LLC overall, it has clearly been grossly mismanaged. In the ten years of its existence, neither party presented any evidence that the business has produced enough net income to avoid persistent insolvency. There is significant confusion and disruption regarding recordkeeping and financial accounting. This court has determined that the only way to equitably resolve the matter of REM, LLC between Mr. Gainfort and Mr. Day is through the appointment of a neutral third-party perceiver to resolve the financial situation and dissolve the business in a manner fair to both parties.

Trial Ct. Op. at 2-3 (citations to hearing transcript omitted).

Day has not given a specific explanation of the evidence or argument that he believes a lawyer could have presented for him at the hearing. Nor has he shown that the evidence presented at the hearing was improper, incompetent, or insufficient. As the court's factual findings are supported by the record, and those findings support the grant of a receiver, we reject Day's claim that the court lacked sufficient information to render its decision.

In his final argument, Day contradicts his foregoing allegations regarding his attempts to find counsel, and asserts that he believed REM's corporate attorney, "a friend of the Court," would be representing him at the hearing, and did not realize "until everyone appeared at the evidentiary hearing" that "everyone was against him." Day's Br. at 11. He contends that the hearing was "orchestrated" to prevent him from presenting his case. *Id.* We find these arguments undeveloped and moreover, the allegations are unsubstantiated by the record. We therefore reject them.

Although Day mentions recusal, perjury, and his representation of corporate interests in his statement of questions presented, he does not make

any argument regarding those issues. To the extent Day intended to raise them, we find them waived.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2023